JAMES D. GOSS, APPELLANT, VS. MARY E. FURMAN, AND MARY E. FURMAN, EXECUTRIX, APPELLEE.

An agreement by which a husband and wife undertake to convey lands owned by the latter as her separate property under the Constitution or statute of Florida, and as to which she has not made her acknowledgment on a separate examination, is void as to the

wife, and equity will not specifically enforce it against her, al-
though the party seeking relief has paid the consideration, and
is in possession. That this rule would be altered by the fact that
she had made such an acknowledgment—neither admitted nor
passed upon.

Appeal from the Circuit Court for Alachua county.

Appellant filed his bill in the court below against the
appellee praying that she be enjoined from proceeding fur-
ther in an ejectment suit against appellant, for the recovery
of possession of certain land, and that she be compelled to
excute a conveyance in fee of said land to appellant. The
bill alleged that on July 1, 1878, appellee was a married
woman and was seised and possessed in her own right un-
der the constitution and statutes of Florida, of certain
lands. That she and her husband made a written contract
with appellant, whereby they agreed to convey to appel-
lant the lot of land specified in the bill, in consideration of
the erection and operation of a saw-mill, and other mills
and buildings, which the appellant agreed to put upon the
land within a certain time. That appellant erected and
operated the saw-mill on said land, and thereby greatly en-
hanced the value of adjacent lands of appellee. That the
husband of appellee, with her consent, signed an agreement
extending the time for erecting the other buildings, and
that appellant "substantially" complied with the condi-
tions of the original agreement as to such other buildings.

That appellee and her husband frequently promised to
convey said land to appellant, but failed to do so, and be-
gan said action of ejectment against him. That the hus-
band has since died.

Upon filing his bill appellant applied to the Circuit
Court for an injunction to restrain proceedings in said
ejectment suit, which injunction was refused, and, there-
upon, he appealed to this court.

*Goss & Duncan* for Appellant.

*Finley & Thompson* for Appellee.

MR. JUSTICE RANEY delivered the opinion of the court:

In Lewis *et ux.* vs. Yale, 4 Fla., 418, it is held that a *feme covert* is not competent to enter into contracts so as to give a personal remedy against her. Mrs. Lewis did not sign the contract to convey, but it was contended upon behalf of Yale that the contract was made by both of the appellants, she assenting and acting through her husband. This contention was not yielded by the court, still it was true " that the consideration expressed is for services rendered to both Lewis and wife in the partition suit, and the tract of land to be conveyed is to be carved out of the lands decreed in the suit as the property of the wife; yet there is not one word which evinces an intention to bind her or to make her a party to the covenant. * * * It may be as well, however," say the court "to state * * that the respondent's case, as made by the bill, would not have been aided if Mrs. Lewis had signed the contract with her husband." Aylett vs. Ashton, 1 M. & C., 105. In Dollner, Potter & Co. vs. Snow *et al.*, 16 Fla. 86, the suit was on a promissory note made by Mrs. Snow to Ginnity, and endorsed by Mrs. Spear. Ginnity assigned it to appellants, who were plaintiffs. The complaint alleged that the consideration for which the note was given was property purchased and held by the two married women as their separate estates, and prayed that the amount of the note be levied and collected out of their separate estates. There was demurrer that the complaint does not state facts sufficient to constitute a cause of action, and it was sustained. "The statute further provides," say the court,

" that married women may become seised and possessed of real and personal property during coverture by bequest, demise, gift, purchase or distribution, not to be subject to the debts of the husband, but to remain in his care and management without liability to account. It is also provided that the husband and wife should join in all sales, transfers or conveyances of the property of the wife, and that the real estate of the wife should only be conveyed by the joint deed of the husband and wife, according to the laws of Florida regulating conveyances of real property. * * * The position taken by counsel is that the wife having been given power to acquire property by purchase, carries with it a corresponding liability on her part for the purchase money, and that her contract (in this instance her promise to pay) is binding upon her. *The Constitution* (Art. 4, sec. 26) and *statute*, do not enable the wife to bind her *person* either at law or in equity by *contract*, or subject her to be sued at law." The conclusion reached "upon principle and authority" is that the wife's promissory note is not effective to bind her *person* either at law or in equity, and that neither the Constitution nor the statute give her to this extent the power of a *feme sole*.

Mr. Bishop (Vol. 1, sec. 601,) says that though the statutes authorizing *femes covert* to convey land *ought to be* construed to comprehend everything properly belonging to a contract of actual sale, yet it does not qualify them to enter into a valid executory agreement to sell, and if such an agreement could be made binding it plainly must conform to the statutory directions concerning the executed deed, and further that in England, and the States generally, except Pennsylvania, no executory agreement to convey, formal or informal, with or without the concurrence and joinder of the husband, will bind the wife, nor will a court of equity

give such an agreement effect by decreeing its fulfillment against her. Story Eq., 1391, and note (A.)

In Maine, in a case where a husband and wife were seised of an undivided share in lands in her right, and they, in order to make a just partition among the proprietors, agreed by parol to convey her interest in one tract to the ancestor of the complainant, and suffered such ancestor to go into possession, and she died before making the conveyance, and her heirs brought ejectment and the complainant's bill prayed an injunction against the proceeding at law, the injunction was refused, and it was held that " an agreement by a married woman for the sale of her real estate, although made with the assent of her husband, and for a valuable consideration, is void in law, and will not be enforced in equity." 15 Me., 304; 3 Me., 350. The same doctrine is laid down in 3d N. J. Eq. Reports, 65. In Martin vs. Dwilly, 6 Wend., 9, it was held that " a deed to lands executed by a *feme covert* together with her husband, but not acknowledged by her pursuant to the statute, conveying lands belonging to the *feme*, and the payment of the consideration money by the grantee, is not such an agreement to convey as will be enforced against the heirs at law of the *feme* by a decree for specific performance." The complainant in this case was in possession, the consideration had been paid by him, and he had laid out considerable sums of money in the improvement of the premises, and was proceeding to make others when the ejectment was brought by the heir of the *feme covert*. The injunction against the ejectment was dissolved by Chancellor Walworth, and its dissolution affirmed by the Court of Errors. " It certainly will not be contended," says Justice Southerland, " that the conveyance in this case can have any greater effect than an express covenant on the part of the husband and wife to convey, and I apprehend that

such a covenant made during coverture would be absolutely void against the wife and her heirs, both at law and in equity." In Butler and Atwater vs. Buckingham, 5 Conn., 492, cited in 6 Wendell, 17, the purchasers who sought an injunction held under a penal bond of husband and wife, the condition being that the wife would quit-claim her right of dower. They had entered into possession and held twenty years, and had made valuable improvements with the knowledge of the wife, (the defendant,) and her husband, who had since died. The relief was denied, and it was held that the agreement of *feme covert* with the assent of her husband for the sale of her real estate was absoutely void at law, and not enforceable in equity." See 19 Md., 5 ; 5 Ala., 610.

Chancellor Kent lays it down that though a wife may convey her estate by deed she will not be bound by a covenant or agreement to levy a fine or convey her estate. 2 Kent, 168. If it be held that an agreement *to convey* her real estate made by a wife, and in which her husband has joined, is covered by our statute, it would certainly be essential that there should be a separate acknowledgment by her accompanying it. There is none in this case, nor am I at all satisfied that it would alter the case if there were one.

Mr. Bishop also states that it has been held that if the purchase money has been paid to the wife on the contract she cannot avoid it without refunding the money, since to permit her to do so would be to give license to her fraud. In Tennessee, where the purchase money had been paid and the purchaser put into possession, the wife brought ejectment. The purchaser having died her heirs filed a bill in equity to have a specific execution of the contract, or if that be not allowable to have the purchase money refunded, and compensation for improvements, with a prayer for gen-

eral relief, and in the meantime to have the ejectment proceeding enjoined. The Chancellor refused a specific execution, but decreed a refunding of the purchase money and declared it a lien on the lot, and that the improvements which had enhanced the permanent value of the lot should be set off against the rents. The refusal of specific performance was affirmed and the wife's covenant to convey was held to be simply *void*. The balance of the decree was affirmed. This case is referred to by Mr. Bishop. In the case at bar there was no *money* paid to the wife as a consideration for the lot of land.

The bill before us is not framed with a view to a rescission of the contract but prays strictly for its specific performance. If it be that there is a remedy in equity upon such a theory against the husband's estate or against the wife's property, the relief cannot be granted under the general prayer of this bill, because it would be wholly inconsistent with the *special* relief prayed. 6 Wend., 19 ; P. & G. R. R. Co. vs. Spratt and Callahan, 12 Fla., 26.

We do not mean to express any opinion however as to what relief, if any at all, the appellant is entitled to, or what forum must be resorted to. Lewis & Wife vs. Yale, 4 Fla., 418. It is not very easy to ascertain from the bill exactly what he has done in the performance of his contract and when it was done. We are clear that the contract cannot be specifically enforced against Mrs. Furman, and that consequently the injunction was properly denied on this bill.

The complainant will have an opportunity to make any proper amendments on the case being remanded. The decree is affirmed.