R. E. ROSE, *et al., Appellants,* v. JOHN W. HENDERSON, *et al., Appellees.*

## ON REHEARING.

PER CURIAM.—Under the statute "no agreement for the sale or conveyance of her (a married woman's) real property or for relinquishment of dower, shall be specifically enforced unless it be executed and acknowledged in the form prescribed for conveyances of her real property and for relinquishment of dower."

Mrs. Waldo did not herself sign or acknowledge the execution of the contract, and no showing is made that her husband was duly authorized to make a contract that would be specifically enforceable against the wife under the statute. Mrs. Murphree had not acknowledged the execution of the contract when the suit was begun, so it cannot be enforced against her in this suit, the same as to her being prematurely brought.

The actual execution of the contract by Mrs. Murphree and by Mr. Waldo for his wife indicated their willingness at the time to convey their interests but as they now interpose the defense that the contract was acknowledged by the married woman as required by the statute, and as for this reason the contract *cannot be specifically enforced* against the married women, it will not be specifically enforced against John W. Henderson, for the reason, that, though the interests of the vendors are several and the contract is not joint, the intention was to convey the interests of all or none, and this was known to the vendees.

When it appears that the married women have not acknowledged the execution of the contract as required by the statute for specific performance against them, it

is not necessary to formally prove that the married women are in fact unwilling to convey according to their contract which is not enforceable against them.

As the statute authorizes the specific enforcement of a married woman's contract to convey land only when it is duly executed *and* acknowledged by her, the court cannot specifically enforce the contract as to her when it has not been duly acknowledged, even though her refusal to perform her contract operates inequitably on those who have acted on the faith of her contract to convey. See Goss v. Furman, 21 Fla. 406. Those who contract with married women are held to notice that such contracts are in general void, and that rights adverse to a married woman may be acquired through her contracts only by a compliance with the provisions of law on the subject.

Rehearing denied.

WHITFIELD, C. J., and TAYLOR, SHACKLEFORD and HOCKER, J. J., concur.

COCKRELL, J., dissenting.