**SAMUEL BERLIN and GERTRUDE BERLIN, his wife, v. MAURICE JACOBS and HERMAN J. BLOOM.**

24 So. (2nd) 717                    June Term, 1945
November 27, 1945                       En Banc
Rehearing denied January 7, 1946

*McKay, Dixon & DeJarnette* and *H. H. Wells,* for petitioners.

*Harry Gordon* and *Parker & Foster,* for respondents.

BUFORD, J.:

We think that Sec. 708.07 Fla. Statutes, 1941, is applicable and controls in this case. Except for this statute it is quite evident that in equity and good conscience Mrs. Gertrude Berlin should be required to perform the contract, but Sec. 708.07 supra, specifically provides that "No agreement for the sale or conveyance of real property or for relinquishment of dower shall be specifically enforced unless it be executed and acknowledged in the form prescribed for conveyance of her real property and for relinquishment of dower."

Chapter 21932, Acts of 1943, in nowise, in our opinion, repeals, supersedes or changes the above provision of Sec. 708.07 Fla. Statutes 1941.

In Sec. 3 of Chapter 21932, supra, it is specifically provided that this act shall not be construed as "(a) . . . (b) . . . (c)

abolishing dower or any of the incidents thereof." This statute did not attempt to amend or supersede Sec. 708.07, supra, insofar as the latter statute requires contract or agreement for the sale of conveyance of her real property or for relinquishment of dower to be executed and acknowledged in the form prescribed for conveyance of her real property and for relinquishment of dower to make such contract subject to being specifically enforced.

Unless a contract is so executed and acknowledged by the married woman the court is without authority or power to require specific performance of the contract. See Rose v. Henderson, 63 Fla. 564, 59 So. 138, Steinberg v. Alter, 155 Fla. 572, 20 So. (2nd) 911; Arundell v. Gordon et al., 92 Fla. 1110, 111 So. 386.

So it appears to us that the certiorari should be granted and the order of the Court below be quashed.

BROWN, THOMAS, SEBRING and ADAMS, JJ., concur.

CHAPMAN, C. J., and TERRELL, J., dissent.