**R. L. RICHART v. ROY R. ROPER and NANNIE S. ROPER, his wife**

25 So. (2nd) 80                      January Term
January 22, 1946                        Division A
Rehearing denied February 4, 1946

*G. P. Garrett, Bart A. Riley* and *J. Lewis Hall,* for petitioner.

*Akerman, Dial & Akerman,* for respondent.

TERRELL, J.:

Appellees brought an action to oust appellant as their tenant from a store building at Winter Garden, Florida. Chapter 83, Florida Statutes 1941. In his answer to the petition appellant offered as his defense an agreement for lease executed by appellee, Roper. Also, a letter from Roper to appellant increasing the rent to $90.00 per month under

named conditions. The answer also contained a plea on equitable grounds.

A jury was waived and trial was held before the county judge, resulting in a judgment for the plaintiff's holding, (1) That the proceedings were regular and in compliance with law, (2) That plaintiff proved the material allegations of the petition and, (3) That the agreement for lease was not valid or enforceable and that plaintiffs were entitled to possession of the property.

Appellant immediately filed his bill of complaint in the circuit court praying for an injunction to restrain the enforcement of the judgment against him. The injunction was denied, the bill was dismissed and an appeal was immediately taken to this court. On application to this court for a stay order under Section 5, Article 5 of the Constitution the cause was advanced and set for final hearing on the merits, Monday, January 14.

We think the proceeding before the circuit court amounted to nothing more than a collateral attack on the judgment of the county judge. No objection was raised to his jurisdiction, both sides introduced evidence to support their theory of the case, no question was decided that the county judge did not have jurisdiction to decide, a final judgment was regularly entered, no motion for new trial was made, no appeal was taken and the trial in the circuit court was merely a re-examination of the issues tried in the County Judge's Court.

Appellant relies on the well settled rule that a court of equity will for equitable reasons take jurisdiction in landlord and tenant actions even though final judgment has been entered. He asserts that the injunction in this case should issue because under the circumstances it would be inequitable to enforce the judgment of the county judge.

The county judge held the lease agreement bad and unenforcible because the property was held by the entireties by appellees and the agreement to lease was not executed by both of them, only the husband having signed it. Appellant contends that the wife should not be permitted to claim this defense because she had left the management of the property to the husband, and that he had exercised authority over it

consistently and the wife had participated in the benefits of the husband's management.

It may be true that the husband was the general manager of the property and looked after the rents and upkeep, but in a long line of decisions beginning with Ohio Butterine Co. et al. v. Hargrave, 79 Fla. 458, 84 So. 376 and concluding with Berlin v. Jacobs et al., opinion filed November 27, 1945, this court has held that on account of the unity of interest of husband and wife in an estate by the entireties neither could sell, lease or contract for the disposition of it without the joint consent and agreement of the other to do so.

Appellant also contends that the agreement to lease should be construed as covering a period of five years. The agreement to lease is as follows:

"I hereby agree to give to Mr. Ralph L. Richart a lease for a period of one to five years with a privilege of renewal on store room known as Roper Bldg. for a rental of $80.00 per month, payable in advance. Should taxes increase it is understood between both parties that the rent will be increased to $85.00 per month.

Dated this 30th day of Nov., 1943.

"R. R. Roper (s)
"R. L. Richart (s)

"Witness:
"Harry Hamowitz (s)
"L. P. Coe (s)"

It will be noted that the agreement to lease is devoid of words of present demise, is loosely drawn, and runs from "one to five years." It is not sufficient promise to lease for five years. It is more consistent with a purpose to lease from month to month. The most liberal interpretation that could be given it would be one to lease from year to year. If construed thus liberally the time was up November 30, notice to vacate having been given.

It follows that from any point viewed the judgment of the county judge was correct, the bill in equity stated no basis for equitable relief so the injunction was properly denied. The judgment appealed from is therefore affirmed and certiorari denied.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.

BROWN, J., concurs specially.

BROWN, J., concurring specially:

I concur in the holding that the case in the Circuit Court was a collateral attack on a judgment which I think could have been rendered without considering the question as to an estate by the entireties. I do not think it necessary to discuss the latter question, or the authority of the husband to lease the property.

I concur in the judgment.