## RODNEY MILLER v. EVIE LOUISE PHILLIPS, et vir.

25 So. (2nd) 194          January Term, 1946
March 12, 1946          Division B

*Hyzer & Padgett,* for appellant.
*Frank E. Bryant,* for appellee.

THOMAS, J.:

Evie Louise Phillips, feme covert, entered into a written contract to sell certain of her lands to Rodney Miller, but, notwithstanding the agreement, she and her husband later advised the appellant that they would not perform. The husband did not execute the contract. For many years he had been blind and unable to sign papers except by affixing his mark. Upon occasion his wife had executed instruments for him. He was active in listing for sale the property now in controversy, and when the broker explained the contents of the contract to him and his wife he approved its provisions. Many years before he had given a power of attorney to his wife, and this instrument had not been revoked. These facts were alleged in the bill of complaint, which contained the prayer that the appellees specifically perform the contract. The chancellor dismissed the bill upon motion, and this appeal followed.

The primary question is the enforceability of the agreement signed only by the wife, and the secondary ones are the effect upon it of the husband's verbal approval and the outstanding power of attorney.

The statute immediately brought to mind, and stressed by the appellant, is Section 708.08, Florida Statutes, 1941, and F.S.A., which is the first section of Chapter 21932, Laws of Florida, Acts of 1943. This so-called emancipatory measure is decidedly interesting when the portions of it dealing with the sale and conveyance of a married woman's separate real property—the situation with which we are confronted—are

studied. We quote the whole section, underscoring such parts of it as seem directly to affect a transaction of this character:

"*Every married woman is hereby empowered* to take charge of, and manage and control, her separate property, to contract and to be contracted with, to sue and be sued, and *to sell, convey,* transfer, mortgage, use *and pledge her property, real* and personal, and to make, execute and deliver instruments and documents of every character, without restraint, *without the joinder or consent of her husband, in all respects as fully as if she were unmarried. Every married woman, without the joinder or consent of her husband, shall have and may exercise all rights and powers with respect to her separate property,* income and earnings, and may enter into, obligate herself to perform, and enforce, contracts or undertakings to the same extent and in like manner as if she were unmarried; *provided, however, that no deed, mortgage or other instrument conveying* or encumbering *real property owned by a married woman shall be valid without the joinder of her husband;* provided further, that any claim or judgment against any married woman shall not be a claim or lien against such married woman's inchoate right of dower in her husband's separate property."

It is obvious to us that the grant of power to the wife to sell and convey her separate real property without joinder of her husband is immediately counteracted by the provision in the same section that the deed of conveyance to be effectual must be executed by him. In view of this neutralization we believe that Section 708.07, Florida Statutes, 1941, and F.S.A., inhibiting specific performance of a contract for sale of the property of a married woman unless executed in the form prescribed for conveyance of her separate property, was not affected by the enactment of Chapter 21932. Berlin et ux. v. Jacobs et al. *24 So. (2nd) 717.*

We upheld this law in Taylor v. Dorsey, 155 Fla. 305, 19 So. (2nd) 876, but the question there presented and determined was the responsibility of a married woman to a real estate broker for services rendered by him at her request in the sale of her separate property, a situation quite different from the one described in the bill of complaint.

The requirements of the statutes we have quoted may not be obviated by the circumstances that the husband was active in listing the property and approved the contract, for the fact remains that he did not sign it, a prerequisite to its validity. Nor is the position of appellant made stronger because the husband due to his unfortunate affliction, could not well write his name. By the allegations of the bill he used his mark in signing papers, but not even this was done to indicate his intention of becoming a signatory to the instrument on which this suit is based.

The existence of a power of attorney does not aid defendant either, for, clearly, had it been relied upon it would have been necessary for the appellee, Evie Louise Phillips, to sign the contract in her own behalf and to sign it also as attorney in fact for her husband.

We conclude that the contract was not enforceable and that the chancellor ruled correctly in sustaining the motion to dismiss.

Affirmed.

CHAPMAN, C. J., BROWN and SEBRING, JJ., concur.