**MAURICE JACOBS and HERMAN J. BLOOM v. SAMUEL BERLIN and GERTRUDE BERLIN.**

28 So. (2nd) 539                        June Term, 1946
September 24, 1946                           Division A
Rehearing denied October 15, 1946

*Harry Gordon,* for appellants.

*McKay, Dixon & DeJarnette,* and *B. K. Roberts,* for appellees.

BUFORD, J.:

Appeal brings for review decree dismissing bill of complaint after testimony taken on certain issues. This was done after the going down of onr mandate in Berlin v. Jacobs and Bloom, 156 Fla. 773, 24 So. (2nd) 717, which disposed of the questions presented on the first appeal in this case.

The issue on which testimony was taken was whether or not the premises involved constituted the homestead of the defendants in the Court below.

The master and the chancellor found in favor of the defendants on this issue and thereupon the chancellor entered his decree dismissing the bill.

We must bear in mind that this is a suit for specific performance and that our opinion, supra, establishes the law of the case under the pleadings and proof as they stood at that time.

The matter of decreeing specific performance of a contract to convey land is one in which the court may exercise its sound judicial discretion and the enforcement is not a matter of course like the right to enforce a lien or judgment. See McCaskill Co. v. Dekle, 88 Fla. 285, 102 So. 252.

We find that beyond question a part of the premises involved constitutes the homestead of the defendant Samuel Berlin and that as to such part the alleged contract of option involved here cannot be enforced, aside or in addition to the reasons for its non-enforcibility pointed out in our opinion, supra.

If plaintiffs were claiming under a judgment lien their rights might be entirely different. In such case the judgment lien might be applicable to that part of the property which might be shown to be non-homestead, but it is not necessary for us to determine the answer to that question here.

Inasmuch as the contract may not be enforced as to a part of the property which is shown to be not readily divisible from the remainder of the property, the chancellor exercised sound judicial discretion in dismissing the bill of complaint and his action should be affirmed.

So ordered.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.