The appellant undertook to buy, for the alleged sum of $150, a track of land owned by a married woman who accepted a part of the purchase price, put him in possession, and alone signed this simple memorandum:
"Received of Frank Dixon $20.00 163.00"
 deposit on strip about 3/4 acre
 back of Hampton Garage. 249.42

The numerals on the margin were the dimensions of the property. This was 2 March, 1948. Later she repudiated the agreement and offered to return the payment. He, in turn, tendered the remainder of $130 in a suit to enforce the woman and her husband to convey. The chancellor granted a motion to dismiss the bill.
The question then and now is whether an executory contract for the sale of separate property of a married woman, not signed by her husband, is specifically enforceable, a part of the purchase price having been paid and the buyer having been placed in possession.
To support his position that the court erred, the appellant relies mainly upon our decision in Clark Lewis v. Gardner,91 Fla. 1059, 109 So. 192, and the "Florida Emancipation Act of 1943 as amended May 27, 1947," and asserts that his bill was dismissed because of an earlier case decided by this court, Goss v. Furman,21 Fla. 406. The gist of the first of these is, simply, that an oral agreement for the conveyance of land may be specifically enforced if the purchaser has paid part of the purchase price and has been put in possession. Of like effect were the rulings in Demps v. Hogan, 57 Fla. 60, 48 So. 998, and Taylor v. Mathews,53 Fla. 776, 44 So. 146. In the latter, the court was at pains to point out that the question of compensation to the buyer if the wife eventually declined to execute the deed was not decided.
These decisions were doubtless prompted by a determination on the part of this court, and often expressed by others, that the Statute of Frauds, designed to prevent fraud, should not be employed as an instrument of fraud so that one who relied on a contract and partly performed it, with consent or acquiescence of the property owner, would not be thwarted in an effort to obtain specific performance on the ground asserted by the latter that the contract was not in writing. So if a man agrees to sell his property to another, whom he places in possession and from whom he accepts a part of the purchase price, he cannot avail himself of the Statute of Frauds to defeat a suit for specific performance, for if he is successful he will have committed a fraud upon the buyer by at once benefiting from the agreement and escaping responsibility under it.
These pronouncements, insists appellant, considered with Section 708.07, Florida Statutes 1941, and F.S.A., as amended by Chapter 23820, Laws of Florida, Acts of 1947, and with Section708.08, Florida Statutes 1941, and F.S.A., empower the court to enforce the contract here involved. Historically, Section 708.07 is the same, verbatim, as Section 2076 of The Revised Statutes of the State of Florida 1892 and Section 2594 of The General Statutes of the State of Florida 1906.
We are now asked to apply the principle where a married woman without the joinder of her husband attempts to sell her separate property, accepts from the buyer a part of the purchase price, and admits him to possession of the land. It may well be that from a standpoint of ethics she should not escape any easier the obligations of the agreement than would her husband, but the statute upon which the appellant relies seems to us to impede rather than aid him when it is carefully analyzed. It does not apply to the property of the husband, but is a declaration that coverture shall not bar specific performance of a written agreement by a man and his wife for (1) the conveyance of her separate property and (2) the relinquishment of her right of *Page 78 
dower in the property of the husband; then adds that such an agreement, repeating for the sale of her property or the relinquishment of dower, may not be enforced unless executed and acknowledged in the required form for conveyances of her property and the relinquishment of her dower. In other words, unless the instrument is in the proper form it would be impossible to secure specific performance to obtain her separate estate or her dower.
Turning now to the amendment which became effective in 1947 we find that the legislature again proclaimed that coverture should not prevent a decree against the husband and wife for specific performance of "their" written agreement to sell or convey the wife's separate property or to relinquish her dower in the property of her husband "regardless of whether the same shall be acknowledged or not." Obviously it was intended that the formal acknowledgement originally required should no longer be a prerequisite to the relief, but the statute as it now is framed still relates to the written agreement of both, and still applies to the sale or conveyance of the separate property and the woman's dower.
Section 708.07, supra, as has been seen, was in existence long before the passage of the so-called "Emancipation Act," Chapter 21932, Laws of Florida, Acts of 1943, F.S.A. § 708.08 et seq. The only relevant part of that law cited by appellant is Section 1,708.08, supra. In our opinion in Miller v. Phillips et vir.,157 Fla. 175, 25 So.2d 194, we pointed out that the power granted a married woman in the first part of this section to sell her property without the joinder of her husband as effectually as if she were unmarried was immediately neutralized by a proviso in the very section that no deed conveying her real property should be valid without the joinder of her husband. It seems unnecessary here to elaborate on what we said there.
We are unable to understand how the decision in Goss v. Furman, supra, was affected by the passage of Chapter 23820, Laws of Florida, Acts of 1947, supra.
We find no error in the order dismissing the bill; so it is —
Affirmed.
CHAPMAN, Acting C.J., ROBERTS, J., and TAYLOR, Associate Justice, concur.