100 So.2d 442 (1958)
Thomas C. ROBINSON, Appellant,
v.
UNIVERSITY OF MIAMI, a non-profit corporation, and Board of Public Instruction of Dade County, Florida, Appellees.
No. 57-36.
District Court of Appeal of Florida. Third District.
February 18, 1958.
Louis Glick, Miami, for appellant.
*443 Scott, McCarthy, Preston, Steel & Gilleland; Boardman & Bolles and John Lloyd, Miami, for appellees.
CARROLL, CHAS., Chief Judge.
The appellant, who was the plaintiff in the trial court, has appealed from a summary final decree for defendant.
Although the complaint was entitled as one for declaratory decree, the prayer for relief asked only for specific performance of plaintiff's contract with the University relating to his course of study in education.
The suit was against the University of Miami and the Board of Public Instruction of Dade County, Florida. Both defendants filed motions to dismiss. The chancellor denied the motion as to the University, and granted it as to the Board of Public Instruction.
The University answered and filed a motion for summary final decree, which the court granted.
The depositions and affidavits in support of the motion for summary final decree disclose that plaintiff entered the University of Miami in 1952, after graduating from another university; that at the time he enrolled plaintiff listed himself as an atheist; that he entered a course of study in education to obtain a certificate of teaching in secondary education and, in 1957, the University accepted him in its internship program, a required course for the issuance of the certificate.
The affidavits further recited that after arrangements had been made for the appellant to do intern teaching at a public school in Dade County, but before he had commenced, the principal of that school called the attention of the University to a letter which appellant had written to the editor of a local newspaper and which had been published, dealing with the subject of atheism; that the school principal suggested that the University make inquiry regarding the same, and the Committee on Student Teaching met with Robinson, intending to go into the matter of his duties and responsibilities as an intern teacher and with a view that he should teach in another school; that from the attitudes and statements of Robinson during the meeting, the committee determined that the plaintiff was fanatical in his views as to atheism and that he would seek to express them and impose them on students whom he might teach; that under these circumstances, the University felt obligated to cause Robinson to withdraw from the course, and the University withdrew its acceptance of plaintiff as a student to pursue the teaching course.
In considering the respective rights of the parties in the circumstances of this case, it is important to make note of a provision in the University's bulletin, which was in effect at the time involved, which reads as follows:
"Terms of Admission
"The provisions of this Bulletin are not to be regarded as an irrevocable contract between the student and the University. The University reserves the right to change any provision or requirement at any time within the student's term of residence. The University further reserves the right to ask a student to withdraw at any time."
The appellant's counter-affidavit did not raise any issues of fact on the material questions relating to his attitude and his intentions. He stated that he would not teach atheism, but that if he were asked questions regarding the subject, he would be required to answer truthfully, meaning in accordance with his beliefs. And that he would not be willing to limit his after-school activities with reference to public statements and writings relating to atheism.
The summary final decree included the following findings:
"* * * it affirmatively appears without controversy that the plaintiff *444 was granted a hearing by the Internship Committee of the University of Miami, as a result of which the Committee concluded that the plaintiff was not eligible to participate in the student teaching program, and there appears to be no genuine material fact at issue and the defendant is entitled to a decree as a matter of law. * * *."
Appellant argues that the University had no sufficient or lawful reason for compelling his withdrawal from the course of study for which he had applied and been accepted. The rule seems to be well established that where a university reserves the right to have a student withdraw at any time after his acceptance, it may do so without the necessity of furnishing the student with a reason or cause. The University must act in good faith and not arbitrarily or from malice. John B. Stetson University v. Hunt, 88 Fla. 510, 102 So. 637; Anthony v. Syracuse University, 224 App.Div. 487, 231 N.Y.S. 435; Frank v. Marquette University, 209 Wis. 372, 245 N.W. 125.
The rule is well stated in 14 C.J.S. Colleges and Universities § 26, p. 1361, as follows:
"The courts have upheld the validity of a regulation reserving to the university the right to dismiss a student at any time for any reason without divulging its reason, the general purpose of the regulation being recited as one to safeguard ideals of scholarship and moral atmosphere, and under a regulation of the latter description, the university does not have the right of arbitrary dismissal, but the reason for its dismissal must fall within the classes specified of preserving ideals of scholarship or moral atmosphere, although the university authorities have a wide discretion in the matter and the courts will be slow to disturb their decision as to dismissal of a student under such a regulation. * *."
It is clear that the University did not act arbitrarily or with any malice in this instance. It acted only after receiving information prompting an investigation. It granted the student a hearing, before a committee set up to deal with questions of admissions in the school of education in which he was entered. The action taken resulted more from the attitude and response of the student at the hearing, than on what had preceded it. The University acted on the advice of that committee, and the committee had facts before it which could support its findings and its recommendations. Also the University's action operated to withdraw the student from the course in question, but did not preclude his attendance in other courses of the University's curriculum.
Reliance need not be placed entirely on the right to terminate the relationship without cause. The record reveals sufficient basis and reason for the action taken by the University in refusing to permit this student to proceed in the course in question. It must not be overlooked that the appellant was a student who was being prepared by the University to become a teacher in our public schools. It seems obvious that a university should consider itself under a duty and obligation not to graduate, and release with the stamp of its academic approval, a new teacher having attitudes or fanatical ideas, such as with reference to atheism, which if imposed on impressionable minds of the young with whom he must come in contact, would be calculated to operate to their detriment and injury. See Samson v. Trustees of Columbia University, 101 Misc. 146, 167 N.Y.S. 202, affirmed 181 App.Div. 936, 167 N.Y.S. 1125.
The appellant's attack on the decree must fail for an added reason. His suit was one to compel specific performance of a contract of enrollment in the University. The granting or withholding of a decree for specific performance is a matter within the sound judicial discretion of *445 a court of equity, controlled by settled principles of law and equity applicable to the particular facts, and the discretion of the chancellor in refusing specific performance of such a contract will not be disturbed on appeal unless clearly erroneous. Todd v. Hyzer, 154 Fla. 702, 18 So.2d 888; Howard Cole & Co. v. Williams, 157 Fla. 851, 27 So.2d 352; Jacobs v. Berlin, 158 Fla. 259, 28 So.2d 539; Topper v. Alcazar Operating Co., 160 Fla. 421, 35 So.2d 392. The record does not show that the court abused its discretion in denying specific performance under the circumstances of this case.
Having held that the action taken by the defendant University was proper, it follows that the court did not commit error in granting the defendant school board's motion to dismiss.
For the reasons stated the decree appealed from is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.