GIBLIN, VINCENT C., Associate Judge.
A vital question presented by this appeal is whether an oral contract for the conveyance of the appellant husband’s land, and for the relinquishment of the appellant wife’s inchoate dower interest in the land, is specifically enforceable.
By its final decree (from which this appeal has been prosecuted), the court below answered the question in the affirmative.
We are impelled, however, by the provisions of section 708.07, Fla.Stat., F.S.A., and the opinions and decisions of our Supreme Court in Berlin v. Jacobs, 156 Fla. 773, 24 So.2d 717, Dixon v. Clayton, Fla., 1950, 44 So.2d 76, and Zimmerman v. Diedrich, Fla.1957, 97 So.2d 120, to the conclusion that the challenged decree is erroneous.
Counsel for the appellee argues (and the court below held) that, because the appellant husband had accepted from the ap-pellee a part of the purchase price and had placed him in possession of the land, the statute of frauds does not militate against the specific enforcement of the contract; and that, because of the appellant wife’s participation in the negotiations and her acquiescence in, and approval of, the appellant husband’s actions, she is estopped, by “equity and good conscience,” from relying on the mentioned statutory provisions.
Assuming (but without deciding), that, in the circumstances revealed by the record, the appellee could have required the conveyance to him of the appellant husband’s right, title and interest, subject to the appellant wife’s inchoate dower interest, and without any abatement of the purchase price, he did not offer (as did the vendees in Bland v. Knoblock, 92 Fla. 254, 109 So. *156 415) to accept such partial performance, but insisted on his claimed right to the relinquishment of the dower interest and to complete performance. His position is predicated on the argument that the appellant wife’s attitude and conduct were such that “in equity and good conscience” she should not be permitted to invoke and rely on the provisions of section 708.07, supra.
The same argument was advanced in Berlin v. Jacobs, supra [156 Fla. 773, 24 So. 2d 718], but the court rejected it, saying: “Except for [the] statute it is quite evident that in equity and good conscience [the wife] should be required to perform the contract, but Sec. 708.07 * * * specifically provides that 'No agreement for the sale or conveyance of her real property or for relinquishment of dower, shall be specifically enforced unless it be executed and acknowledged in the form prescribed for conveyances of her real property and for relinquishment of dower’. * * * Unless a contract is so executed and acknowledged by the married woman the court is without authority or power to require specific performance of the contract.”
In Dixon v. Clayton, supra [44 So.2d 77], a married woman had accepted from a prospective purchaser a part of the purchase price and had placed him in possession of the land, yet the court held that, although “it may well be that from a standpoint of ethics she should not escape any easier the obligations of the agreement than would her husband,” the statute precluded specific enforcement of a married woman’s agreement to sell her separate property or to relinquish her dower in her husband’s property unless the agreement be in writing and executed in the manner prescribed by the statute.
Some doubt and confusion were produced by the enactment in 1943 of chapter 21746 (section 693.03, Fla.Stat., F.S.A.) and in 1947 of chapter 23820 (by which section 708.07, Fla.Stat., F.S.A., was amended). By the 1943 legislation the necessity of separate acknowledgments by married women of the execution of their deeds and contracts was eliminated; and, because of the 1947 amendment, section 708.07 of the Florida Statutes now provides that “coverture shall not prevent a decree against husband and wife or either of them to specifically perform their written agreement to sell or convey the separate property of the wife or to relinquish her right of dower in the property of the husband, regardless of whether the same shall be acknowledged or not.”
Such doubt and confusion as were occasioned by the mentioned legislation have been dispelled, however, by the court’s opinion in Zimmerman v. Diedrich, supra, in which the decision was rendered September 20, 1957, after the entry of the decree here challenged (which, therefore, was entered without the chancellor’s having the benefit of the latest expression of the Supreme Court’s views).
In Zimmerman v. Diedrich, supra, the court concluded, “after an earnest effort to reconcile decisions with statutes and with each other,” that a married woman’s contract for the relinquishment of her inchoate dower interest in her husband’s real property cannot be specifically enforced unless it be in writing and its execution witnessed by not less than two subscribing witnesses.
Questions other than that which we have discussed are raised by the appellants, but need not be decided in view of our answer to the stated question.
The final decree appealed from is reversed and the court below is directed, on the remanding of the cause, to dismiss the appellee’s complaint.
Reversed and remanded with directions.
HORTON, A. C. J., and PEARSON, J., concur.