105 So.2d 901 (1958)
Violet C. WILLIAMS, Appellant,
v.
J.W. NOEL and Isabella G. Noel, Appellees.
No. 58-87.
District Court of Appeal of Florida. Third District.
October 2, 1958.
Rehearing Denied November 14, 1958.
*902 Sturrup & Gautier, Miami, for appellant.
Jepeway & Dauber, Miami, for appellees.
CARROLL, CHAS., Chief Judge.
The appellees J.W. Noel and his wife Isabella G. Noel filed a suit in the circuit court against the appellant Violet C. Williams, for specific performance of a contract, for sale of certain real estate, under which they were the sellers and appellant Williams was the purchaser. The contract submitted with the complaint was signed by the purchaser Williams and by J.W. Noel, but not by Isabella G. Noel. The complaint alleged Noel acted as agent of the owner, his wife Isabella. The allegation of agency was denied in the answer.
The plaintiffs (sellers) moved for summary final decree. Their motion was heard on the pleadings only, consisting of the complaint with its three exhibits, the answer and a counterclaim for the return of the deposit and the answer to the counterclaim. The exhibits attached to the complaint were a copy of the contract and an exchange of letters dealing with a question as to the title, in one of which the husband of the owner had offered to perform and had demanded performance by the purchaser. No affidavits or other evidentiary matter were presented, except some evidence as to attorney fees.
The chancellor entered a summary decree for specific performance against the defendant purchaser, who has appealed from that decree.
The appellant argues two points: that the pleadings raised a genuine issue relating to the husband's alleged agency for his wife; and, that the trial court could not *903 properly find that plaintiffs were entitled to a summary decree for specific performance as a matter of law.
The rule relating to summary judgments not only provides that the moving party must show there is no genuine issue as to any material fact, but in addition must show that he is entitled to a summary judgment as a matter of law. Rule 1.36(c), 1954 Fla.Rules of Civ.Proc., 30 F.S.A.; Farrey v. Bettendorf, Fla. 1957, 96 So.2d 889, 892. Here the complaint showed that Isabella Noel was the owner of the property involved, and that she did not sign the contract. A married woman's contract for sale of her property is not enforceable against her unless signed by her before two subscribing witnesses. See Berlin v. Jacobs, 156 Fla. 773, 24 So.2d 717; Dixon v. Clayton, Fla. 1950, 44 So.2d 76; Zimmerman v. Diedrich, Fla. 1957, 97 So.2d 120; and Lindgren v. Van Fleet, Fla.App. 1958, 101 So.2d 155.
Appellant argued that the unenforceability against the seller Isabella Noel precluded the granting of specific performance against the purchaser. That argument, in effect, is that lack of mutuality of remedy prevents specific performance. We hold that in the instant case the sellers were entitled to the benefit of an exception to the rule contended for by the appellant. The owner Isabella Noel offered to perform by joining as plaintiff in the suit for specific performance. See Pinckney v. Morton, 5 Cir., 1929, 30 F.2d 885, 886, and cases cited there.
Equity deems the married woman's tender of performance to be equivalent to performance. Schmidt v. Kidden, 100 Fla. 1684, 132 So. 194, 197.
The action of the married woman, in joining with her husband in the suit for specific performance of the contract, showed a ratification of his alleged agency for her, and amounted to an offer of performance by her creating mutuality of remedy at the time of the filing of the suit. See Standard Lumber Co. v. Florida Industrial Co., 106 Fla. 884, 141 So. 729, 732, where the Supreme Court said:
"So far as the principle of mutuality is involved as a prerequisite to the maintenance of the suit, it is mutuality of remedy in equity at the time of the filing of the bill that is required and not a mutuality in the terms of the contract when the contract was made."
On first reading, it would appear that the holding in Gautier v. Bradway, 87 Fla. 193, 99 So. 879, was contrary to our decision in this case. However, as pointed out by the Supreme Court in the Schmidt case, the Gautier case is distinguishable because "the complainant had not completely performed the contract, nor was it made to appear that she had tendered performance." [100 Fla. 1684, 132 So. 197.]
Furthermore, the protection given her as a married woman, by making such contracts unenforceable against her when not signed in a certain manner, was intended to operate "as a shield of defense and not as a sword of offense." Edgar v. Bacon, 97 Fla. 679, 122 So. 107, 110.
Appellant's argument that the Statute of Frauds, F.S.A. § 725.01 was not complied with was without merit, because the party against whom the contract was sought to be enforced signed it. Cf. United Hardware-Furniture Co. v. Blue, 59 Fla. 419, 52 So. 364, 366, 35 L.R.A.,N.S., 1038. See also, Corbin, Contracts, Vol. 5, § 1192, p. 840; Williston, Contracts, Rev. Ed., Vol. V, § 1437, p. 4017; 49 Am.Jur., Statute of Frauds, § 384, p. 686.
Returning now to the first question by which the appellant contended that the pleadings disclosed a triable issue relating to the husband's alleged agency for the seller wife, in connection with the contract he made for sale of her land, we conclude, as did the able chancellor, that the issue raised by defendant's denial of such agency was not a genuine issue within the rule relating to summary judgment. As an issue to be tried, its only purpose would be to establish the existence or otherwise of the *904 alleged agency. But as we have stated above, by joining with her husband in bringing suit for specific performance, the seller Isabella Noel supplied ratification of her husband's acts, and thus adopted the contract for her own benefit. See 2 Am. Jur., Agency, §§ 212-213, pp. 169-171. Nor was that agency issue material in consideration of the question raised as to the Statute of Frauds, for the reason we set out above in dealing with the contention relating to that statute.
The trial court ruled without error in finding an absence of any genuine issues and that plaintiffs were entitled to a decree for specific performance as a matter of law, and the decree appealed from should be and hereby is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.