277 So.2d 59 (1973)
Joseph WINSTON, Appellant,
v.
J.D. GRAMM, INC., a Florida Corporation, Appellee.
No. 72-756.
District Court of Appeal of Florida, Third District.
April 24, 1973.
Rehearing Denied May 22, 1973.
*60 Caidin, Rothenberg, Kogan & Kornblum, North Miami Beach, for appellant.
Harold P. Kravitz and Kenneth Duckworth, Hialeah, for appellee.
Before PEARSON and HAVERFIELD, JJ., and LESTER, M. IGNATIUS, Associate Judge.
PER CURIAM.
The defendant-appellant, Joseph Winston, is the landlord of the appellee J.D. Gramm, Inc. In 1968, the appellee-tenant received a business-property lease for a term of more than one year from Anthony Pizzo. The appellee entered into possession and has been in possession continuously since that time. The real property involved was owned by Anthony Pizzo and Rose Pizzo, his wife, as an estate by the entireties. The appellant, Joseph Winston, purchased the property in 1971 from Anthony and Rose Pizzo. He sought the removal of the appellee-tenant upon the ground that the lease given by Anthony Pizzo was invalid because Rose Pizzo did not join in its execution. The tenant brought an action in the circuit court seeking to enjoin the landlord from prosecuting an eviction action. After trial of the case in the circuit court, the trial judge found for the tenant and made the following findings of fact:
"1. That each and all of the allegations set forth in Plaintiff's Complaint are true.
"2. That on or about the 7th day of October, 1968, Anthony Pizzo, a predecessor in title to the Defendant, JOSEPH WINSTON, entered into a written lease with the Plaintiff for the premises at 8901 Bird Road, Miami, Florida.
"3. That said Anthony Pizzo had the authority to negotiate and enter into said lease for and in behalf of himself and his wife, the fee owners of the property.
"4. That the Plaintiff performed in conformance with the lease and that although said lease was only witnessed by one witness, the principals to said lease accepted the benefit of the lease and recognized the validity of same.
"5. That the Plaintiff exercised its option to renew its lease on the subject premises.
"6. That JOSEPH WINSTON purchased the subject property with full knowledge of the occupancy and tenancy thereof of the Plaintiff.
"7. That a sign used by Plaintiff in its advertising of the premises was placed thereon with the approval and knowledge of the lessor and that the removal thereof by the Defendant, JOSEPH WINSTON, was an improper and unlawful act.
"8. That any defenses by the Defendant with regards to the Plaintiff's position in this cause are unproven."
On this appeal, the appellant-landlord urges that the lease is clearly invalid under the holding in Richart v. Roper, 156 Fla. 822, 25 So.2d 80 (1946). In the Richart case, the Supreme Court of Florida affirmed a judgment of a trial court holding invalid a lease of property held in the estate by the entireties in which the wife did not join. The court held that because of the unity of interest of husband and wife in an estate by the entireties in real property neither can sell, lease or contract for the disposition of it without the joint consent of the other to do so.
We think that the Richart case does not stand as a bar to a situation where the *61 wife has consented to the agreement as the court here found she had, and the purchaser had a duty to recognize that a tenant was indeed in possession. Therefore, we hold that the facts found by the trial court constituted a sufficient basis for the court to exercise its authority to enjoin the eviction of the appellee. See Denco, Inc. v. Belk, Fla. 1957, 97 So.2d 261; Gill v. Livingston, 158 Fla. 577, 29 So.2d 631 (1947); Mercer v. Miller, 157 Fla. 78, 24 So.2d 893 (1946); DuPuis v. 79th Street Hotel, Inc., Fla.App. 1970, 231 So.2d 532.
Affirmed.