DANAHY, Judge.
Appellants, Lloyd and Norma Sheehan, brought this suit for unpaid rent due from appellee as lessee under a lease agreement covering property owned by the Sheehans as an estate by the entireties. The trial judge granted summary judgment for ap-pellee on the basis that the lease agreement admittedly was not signed by Mrs. Sheehan. We reverse.
A summary judgment is an extreme form of relief ordinarily not available for the final disposition of a case. It is granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fla.R.Civ.P. 1.510. We find that appellee is not entitled to prevail as a matter of law.
The law in Florida is that when property is held as an estate by the entire-ties, it cannot be alienated or forfeited by either spouse without the assent of the other, so as to defeat the other’s rights. Bailey v. Smith, 89 Fla. 303, 103 So. 833 (1925). Therefore, summary judgment for appellee requires the absence of consent by Mrs. Sheehan to the lease agreement executed by her husband. In our view, Mrs. Shee-han’s consent has been established.
The trial judge granted summary judgment on the authority of Tino v. Outdoor Media, Inc., 242 So.2d 196 (Fla.3d DCA 1970). Tino was a brief per curiam opinion that a ten year written lease of entireties property was unenforceable because it was not signed by the wife and was not witnessed as required by statute. The court affirmed the dismissal of the spouses’ joint suit against the lessee for breach of the lease, citing Richart v. Roper, 156 Fla. 822, 25 So.2d 80 (Fla.1946).
In Richart, supra, a husband and wife brought an action to oust a tenant from their building. The trial judge found that the lease agreement with the tenant was not valid or enforceable because the building was held by the entireties and the lease was signed by the husband only, on that basis the trial judge held that the plaintiffs were entitled to possession and rendered judgment accordingly. In upholding the judgment, the supreme court simply reiterated its settled rule that:
on account of the unity of interest of husband and wife in an estate by the entireties neither could sell, lease or contract for the disposition of it without the joint consent and agreement of the other to do so.
Id. at 81.
Richart does not bar relief in a situation where the wife has expressed her consent to a lease of entireties property signed only by her husband. Winston v. Gramm, 277 So.2d 59 (Fla.3d DCA 1973). In the case sub judice, Mrs. Sheehan joined with her husband in bringing this suit in order to enforce the terms of the lease agreement, not to repudiate it as in Richart. We hold that Mrs. Sheehan ratified her husband’s execution of the lease agreement by her joinder *1240 with him in this suit, which overcomes ap-pellee’s defense based on the failure of Mrs. Sheehan to sign the lease agreement. That defense, therefore, does not entitle appellee to a summary judgment in his favor. Cf. Williams v. Noel, 105 So.2d 901 (Fla.3d DCA 1958) (wife signified her ratification of husband’s execution of contract to sell entire-ties property by her joinder with him in suit for specific performance of contract).
For the foregoing reasons, the summary judgment for appellee is reversed and this cause remanded for further proceedings not inconsistent with this opinion.
OTT, J., concurs.
SCHEB, Acting C. J., concurs specially.