COPE, J.
Adriana Schreiner appeals an order denying her motion for relief from judgment. We reverse.
Plaintiff-appellee Scott Holland filed an action against Charles Schreiner and Le Cabaret of South Beach, L.L.C., to collect a debt. Subsequently he amended the complaint to add Adriana Schreiner, Charles Schreiner’s wife, as a defendant. He alleged that there had been a fraudulent conveyance of the Schreiners’ condominium from Charles Schreiner to Charles and Adriana Schreiner as tenants by the entireties. Adriana Schreiner was served with process by substituted service. The parties were initially represented by counsel, who withdrew.
Plaintiff negotiated a handwritten settlement agreement with Charles Schreiner. The handwritten signature line indicates that Charles signed on behalf of himself and Adriana. Pursuant to the settlement agreement the trial court entered an agreed judgment against Charles and Adriana for $47,500.
Approximately one month after entry of the judgment, the Schreiners moved to set the judgment aside. The trial court conducted an evidentiary hearing and denied relief. Adriana Schreiner has appealed.
We conclude that Adriana Schreiner’s motion should have been granted. She testified that she is a foreign national who had married Charles Schreiner within the previous year. She was aware of the lawsuit against her husband but was not aware that she had been added as a party. She stated that she was unaware of the settlement, was out of the country at the time, and had not authorized her husband to enter into the settlement agreement on her behalf.
Plaintiff contends that somehow Adriana Schreiner had conferred apparent authority on Charles Schreiner to act on her behalf in this matter. However, the plaintiff and his attorney testified that they had never spoken to Adriana about this matter. We see nothing in the evidence which indicates that Adriana Schreiner took any steps to lead the plaintiff to believe that she had authorized her husband to act on her behalf. See Lensa Corp. v. Poinciana Gardens Ass’n, Inc., 765 So.2d 296, 298 (Fla. 4th DCA 2000); 2 Fla. Jur.2d Agency and Employment §§ 16, 17 (1998).
The plaintiff relies on Williams v. Noel, 105 So.2d 901 (Fla. 3d DCA 1958), but that is a ratification case which has no application here. In that case Williams was the purchaser of real estate and Mr. and Ms. Noel were the sellers. Mr. Noel had signed the contract for sale, but Ms. Noel did not.
When Williams failed to purchase the property, Mr. and Ms. Noel sued Williams for specific performance. Williams defended by saying that the contract for sale of real estate had not been fully executed. This court ruled that since Ms. Noel joined with Mr. Noel in bringing the action for specific performance, it followed that Ms. Noel had ratified her husband’s action in signing the contract to sell the real estate. That being so, this court ruled that the trial court had properly granted the Noels’ claim for specific performance. We see no action by Adriana Schreiner in this case which would amount to a ratification of her husband’s acts.
Prudent practice would dictate that if the plaintiff wants the wife to join in a *799 settlement agreement, the plaintiff should obtain the wife’s signature.
For the stated reasons, we reverse the order denying relief from judgment as to Adriana Schreiner, and remand with directions to vacate the judgment as to her. This means that the underlying lawsuit remains pending as to Adriana Schreiner. See Shields v. Flinn, 528 So.2d 967 (Fla. 3d DCA 1988).
Reversed and remanded for further proceedings consistent herewith.*

 We are troubled by the fact that the Agreed Final Judgment (which remains intact as to Charles Schreiner and Le Cabaret) recites that the court had “received evidence [and] heard testimony.” The judgment goes on to find that (insofar as pertinent here) Charles Schreiner had acted with intent to defraud the plaintiff.
As we understand the facts of the case, there was never an evidentiary hearing before the trial judge. Even in a settlement context, an Agreed Final Judgment should not recite that there has been an evidentiary hearing leading to the entry of factual findings, when that is not true. We presume that the above-quoted recitation regarding evidence and testimony was inserted in the judgment through error. Whether done through error or not, defendants Charles Schreiner and Le Cabaret may on motion have that language stricken from the judgment if they so choose.