48 So.2d 160 (1950)
SCOTT et al.
v.
HOTEL MARTINIQUE, Inc.
Supreme Court of Florida, Special Division A.
October 24, 1950.
*161 John F. Allison, Miami, for appellants.
Daniel Sepler and Boyce F. Ezell, Jr., Miami, for appellee.
ROBERTS, Justice.
This appeal brings for our review a final decree requiring William D. Scott and Esther G. Scott, his wife, to specifically perform a contract for the sale of certain property owned by them as an estate by the entirety and occupied by them as their homestead. The contract was signed by all parties in the presence of two subscribing witnesses, but was not acknowledged; and it is now contended, on behalf of Mr. and Mrs. Scott, the appellants, that the failure of Mrs. Scott to acknowledge the instrument operates as a bar to a suit for specific performance of the contract. There is no merit to this contention.
With respect to the alienation of homestead property, this court stated in Scoville v. Scoville et al., Fla., 40 So.2d 840, 842, that "The only express restriction placed by Florida law upon the voluntary alienation of homestead property by deed, even in those cases where the homesteader has children or other dependents, are those contained in sections 1 and 4 of Article X of the Constitution [F.S.A.], as follows: `* * * the (homestead) real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. * *' Sec. 1, Art. X. `Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead * * * by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists * * *.' Sec. 4, Art. X. These sections place but one limitation on the alienation of the homestead property by deed while its owner is alive, namely, that if the homestead owner has a spouse, the joint consent of both and due execution of the deed by both, are absolutely necessary."
Since the amendment of Section 693.03, Florida Statutes, same F.S.A., by Chapter 21746, Laws of Florida, Acts of 1943, an acknowledgement by a married woman is not necessary to the "due execution" by her of deeds, mortgages, relinquishments of dower, contracts for the sale of lands, and the like. Her acknowledgment is necessary only to entitle such instruments to recordation.
Moreover, it is specifically provided by Section 708.07, Florida Statutes, same F.S.A., as amended by Chapter 23820, Laws of Florida, Acts of 1947, that "Coverture shall not prevent a decree against husband and wife or either of them to specifically perform their written agreement to sell or convey the separate property of the wife or to relinquish her right of dower in the property of the husband, regardless of whether the same shall be acknowledged or not."
It follows, then, that a contract for the sale of homestead property may be specifically enforced if the contract has been jointly executed by the husband and wife in the presence of two subscribing witnesses, even though such contract was not acknowledged by the wife.
We have considered the contention of appellants that the provision of the Florida Emancipation Act, being Section 3 of Chapter 21932, Laws of Florida, Acts of 1943, and appearing as Section 708.10, Florida Statutes, same F.S.A., that the Act "shall not be construed as * * * dispensing with the joinder of husband and wife in conveying or mortgaging homestead property" has the effect of perpetuating the former requirement as to married women's acknowledgments, insofar as conveying her interest in homestead property is concerned. We do not so interpret the Act. This provision is merely a legislative expression of the constitutional requirements as to "joint consent" and due execution of the instrument by both husband and wife contained in Sections 1 and 4 of Article X, hereinabove referred to.
The case of Jacobs v. Berlin, 158 Fla. 259, 28 So.2d 539, relied on by appellants, is distinguishable on its facts from the instant case. Our examination of the record and briefs in that case reveals that it was tried on the issue made by defendants' amended plea that the property involved was the homestead of the defendant Samuel Berlin, for the sale of which the wife's consent was withheld; and the final decree therein reviewed was based on such findings of fact. Thus, the Jacobs v. Berlin case is authority *162 only for the proposition, which we hereby affirm, that there can be no specific performance of a contract for the sale of homestead property where there is no joint consent and due execution of the contract by both husband and wife.
The other questions raised on this appeal have been carefully considered, and no reversible error is found.
For the reasons stated, the final decree should be and it is hereby
Affirmed.
ADAMS, C.J., and TERRELL and SEBRING, JJ., concur.