MATHEWS, Justice.
This is a petition for a writ of certiorari to review an order of the Chancellor which denied petitioners’ motion for a summary final decree.
The suit was filed for specific performance of an alleged contract by petitioners to convey certain lands in Dade County, Florida, to the respondents, which was not acknowledged by them as required by law, and where there was only one witness to their signatures. From the answer and the affidavits which were filed in connection with the motion for a summary judgment, it appears that the contract was not witnessed by two witnesses and the property involved constituted the homestead of the defendants. The facts were undisputed.
In the case of Scott v. Hotel Martinique, Fla., 48 So.2d 160, 161, a wife as owner of the property, with her husband (which property was a homestead), signed a contract which contained the required two witnesses but was not acknowledged, and we held that under Section 708.07, F.S., as amended, F.S.A., the contract was sufficient. Said section 708.07, F.S., as amended, F.S.A., reads as follows:
“Coverture shall not prevent a decree against husband and wife or either of them to specifically perform their written agreement to sell or convey the separate property of the wife or to relinquish her right of dower in the property of the husband, regardless of whether the same shall be acknowledged or not.”
In its order denying summary judgment, the Court said:
“But it is. clear that if the 1947 amendment dispensed with acknowledgment of her contract, it dispensed as well with witnesses.”
Pertinent parts of the F.S.A.Constitution bearing on this question are:
“Article X
“Section 1: — A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, * * * and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. * * *
“Section 4: — Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or *876 mortgage duly executed by himself or herself, and by husband and wife, if such relation exists; * *
It is true that Section 708.07, F.S., as amended, F.S.A., eliminated the requirement that the contract for specific performance be acknowledged by the wife but it did not eliminate the necessity of two subscribing witnesses. In the case of Scott v. Hotel Martinique, supra, we said:
“With respect to the alienation of homestead property, this court stated in Scoville v. Scoville, Fla., 40 So.2d 840, 842, that ‘The only express restriction placed by Florida law upon the voluntary alienation of homestead property by deed, even in those cases where the homesteader has children or other dependents, are those contained in sections 1 and 4 of Article X of the Constitution (F.S.A.), as follows: “.* * * ^he (homestead) real estate shall not be alienable without the joint consent of husband and wife, when that relation exists. * * * ” Sec. 1, Art. X. “Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead * * * by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists * * Sec. 4, Art. X. These sections place but one-limitation on the alienation of the homestead property by deed while its owner is alive, namely, that if the homestead owner has a spouse, the joint consent ■of both and .due'execution of the deed by both, are absolutely necessary.’
“Since the amendment of Section 693.03, Florida Statutes, same F.S.A., by Chapter 21746, Laws of Florida, Acts of 1943, an acknowledgement by a married woman is iiot necessary to ■the ‘due execution’ by her of deeds, mortgages, relinquishments of dower, contracts for the sale of lands, and the like. Her acknowledgment is necessary only to entitle such instruments, to re-cordation.
“Moreover, it is specifically provided by Section 708.07, Florida Statutes, same F.S.A., as amended by Chapter 23820, Laws of Florida, Acts of 1947, that ‘Coverture shall not prevent a decree against husband and wife or either of them to specifically perform their written agreement to sell or convey the separate property of the wife or to relinquish her right of dower in the property of the husband, regardless of whether the same shall be acknowledged'qr not.’
“It follows, then, that a contract for the sale of homestead property may be specifically enforced if the contract has been jointly executed by the husband and wife in the presence of two subscribing witnesses, even though such contract was not acknowledgéd by the wife.” (Emphasis supplied.)
Section 708.07, F.S., as amended, F.S.A., did not dispense with the requirement of two subscribing witnesses but only with the formal requirement of acknowledgment. It was error to base the order denying motion ■for summary judgment upon a construction of Section 708.07, F.S., F.S.A., and dispense with the requirement of two subscribing witnesses.
Petition for. writ of certiorari be and the same is hereby granted, and the order dated the 7th day of May, 1953, denying petitioners’ motion for a summary final decree be and the same is hereby quashed, with directions to proceed' further in • accordance with this opinion.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.