97 So.2d 120 (1957)
Frieda ZIMMERMAN, Appellant,
v.
George S. DIEDRICH, Appellee.
Supreme Court of Florida.
September 20, 1957.
*121 Johnson & Johnson, West Palm Beach, for appellant.
Adams, Phillips & Hathaway, West Palm Beach, for appellee.
THOMAS, Justice.
We are considering an appeal from a decree of the chancellor granting the appellee's motion to dismiss appellant's complaint, brought against the appellee "and ____ Diedrich, his wife, if living," by which a decree for specific performance was sought.
In the pleading it was averred that the appellant and appellee entered into a contract for the sale by the appellee, and the purchase by the appellant, of certain property described as "The South 10 acres, more or less, of the South Three Quarters of the West Half of the Southwest Quarter of the Northeast Quarter, of Section 25, Township 43 South, Range 42 East" for the sum of $22,000.
It was further alleged that the appellant deposited with a real estate broker one-tenth of the purchase price and that the appellee delivered to the appellant an abstract of title to the property from which the appellant's attorney determined that the title was marketable. Thereupon, according to the allegations of the complaint, the appellant notified the appellee that she was prepared to consummate the sale.
The appellant charged that, at the outset, the appellee represented that he was a widower, but upon being advised that appellant wished to close the transaction changed his story of celibacy and told the appellant he was married and that his wife refused to join in the conveyance.
The chancellor concluded that the contract was not enforceable by specific performance because of failure to comply with Sec. 689.01, Florida Statutes 1955, F.S.A., since the signature of but one witness appeared upon it, and he commented that in his opinion the requirements of this statute are supplemental to those of Sec. 725.01, Florida Statutes 1955, F.S.A. Furthermore, he considered the contract defective because the time of payment of the third, and last, note evidencing the balance of the purchase price was not specified.
With this introduction we approach a solution of the first problem presented by the appellant, namely, whether or not a contract "for the sale of realty, not homestead," must be executed in accordance with both the cited statutes to entitle the prospective buyer to the remedy of specific performance in the event the owner fails to keep his promise.
The question is particularly troublesome because we cannot find in the record any justification for the qualification that the property in question was not being occupied as a homestead, and the point is further beclouded by the allegations, to which we have already referred, about the inconsistent statements of the appellee as to his married or unmarried state. From a careful study of the appropriate statutes and the decisions dealing with them, we have the view that a decision whether or not appellant can secure the interest of appellee must depend on the character of the use of the property at the time the parties contracted.
The appellant insists that compliance only with Sec. 725.01, supra, is necessary and that this court so held in Lente v. Clarke, 22 Fla. 515, 1 So. 149, 151, when it was stated that Sec. 1, page 214 of McClellan's Digest related to present conveyances of title of certain interests in land "and not *122 to agreements or contracts to convey the same in the future." This was the law that has now become, with certain changes to which we will presently refer, Sec. 689.01, supra. In that case Sec. 1, page 208 of McClellan's Digest was said to require neither witnesses nor a seal to a contract in order to hold the person to an obligation to convey in the future. This section was the predecessor of Sec. 725.01, supra.
It is true that in the case of Hammond v. Hacker, 93 Fla. 194, 111 So. 511, cited by appellant, signatures to the instrument involved were witnessed by only one person but it was purely by inference that the case held the execution of the contract sufficient for the pivotal point was the adequacy of the description, and the question of proper attestation was not directly presented or decided. In another case, Simons v. Tobin, 89 Fla. 321, 104 So. 583, also cited by appellant to support her position that no witnesses to a contract for deed are needed to render the instrument enforceable by specific performance, the question of lack of witnesses was not raised but the court held that a contract formed by an exchange of letters and telegrams could be specifically enforced. We agree with the appellant that in these circumstances names of witnesses would not appear. The law announced in Simons v. Tobin, supra, had been the holding in Meek v. Briggs, 80 Fla. 487, 86 So. 271.
All the decisions to which we have alluded were rendered prior to the year 1941 when, as the appellant candidly advises us, the legislature amended Sec. 689.01, supra, by substituting the word "instrument" for the word "deed". The question then arises whether or not the substitution amounted to a requirement that all contracts for deed, as well as deeds, be executed in the presence of two witnesses.
We advert to three decisions rendered by this court, after the adoption of the amendment, which the appellee contends support the view of the chancellor that more formality in the execution of agreements for deeds, in order to make them specifically enforceable, was made necessary: Scott v. Hotel Martinique, Inc., Fla., 48 So.2d 160; Abercrombie v. Eidschun, Fla., 66 So.2d 875; and Cox v. La Pota, Fla., 76 So.2d 662.
In the first of these three cases, Scott v. Hotel Martinique, Inc., supra, the court held that a contract for sale of homestead property could be specifically enforced if executed by the husband and wife in the presence of two witnesses. The court referred to the opinion in Jacobs v. Berlin, 158 Fla. 259, 28 So.2d 539, in which it was written that part of the premises involved constituted a homestead and there could be no specific performance to convey that part, and inasmuch as the part that was homestead could not be isolated, the bill for specific performance was properly dismissed. Obviously the court recognized a distinction between the prerequisites of a contract to convey homestead and non-homestead property, in order to make the contract enforceable by specific performance.
In the second case, Abercrombie v. Eidschun, supra, the court again dealt with homestead property and held that the chancellor erred when he denied a motion to dismiss a complaint in which was sought specific performance of a contract which had not been acknowledged and to the signatures of which there was but one witness.
In the third case, Cox v. La Pota, supra, the court again considered a contract to sell homestead property and it was held that the sellers were estopped to deny that the contract was enforceable since they had signed it and surrendered it to their own broker for the purpose of obtaining the signatures of witnesses before forwarding the instrument to the purchasers, and by their action had caused the buyers to expend money and materially change their position. The only statute cited in the opinion was Sec. 689.01, supra. But it *123 is plain from a study of expressions of this court on the subject, and especially from the very decision, Scott v. Hotel Martinique, Inc., quoted at length in Abercrombie v. Eidschun, supra, that the controlling law was Secs. 1 and 4 of Article X of the Constitution, F.S.A. The court observed that Sec. 708.07, supra, when amended "did not dispense with the requirement of two subscribing witnesses but only with the formal requirement of acknowledgment."
Before the amendment in 1947, Sec. 708.07, supra, which was titled "Specific performance against married woman," contained the provision that coverture should not prevent a decree of specific performance against husband and wife of an agreement to sell her property or relinquish her right of dower but that no such contract could be "enforced unless * * * executed and acknowledged in the form prescribed for conveyances of her real property and for relinquishment of dower." So at this place in the history of the legislation a contract to convey a married woman's separate estate or to relinquish her dower had to bear her separate acknowledgment, Sec. 693.03, Florida Statutes 1941, F.S.A. At the time it was also the law of the state that an estate or interest of freehold could not be created or granted save by an instrument in writing "signed in the presence of two subscribing witnesses * * *." Sec. 689.01, Florida Statutes 1941, F.S.A.
To summarize, two witnesses were necessary to the validity of all conveyances and in addition a separate acknowledgment was required when the separate estate of a married woman was being transferred or her dower was being relinquished, and, to repeat, a contract so to convey or relinquish had to be executed with the same formality.
The necessity of separate acknowledgment of married women to their deeds and contracts was eliminated by amendment in 1943 of Sec. 693.03, supra.
In 1947, Sec. 708.07, supra, was amended by substituting for the requirement that a contract to convey a married woman's separate property or to relinquish her dower be executed and acknowledged in the manner prescribed for conveyance of such property and relinquishment of dower the provision that coverture would not prevent a decree for specific performance of the contract "regardless of whether the same [was] acknowledged or not."
From an examination of the cases cited by the appellee, it is plain that the court purposed to require as much formality in the execution of contracts for the sale of homestead property as must be followed in the execution of contracts for the sale of the separate property of a married woman or the relinquishment of her dower in order to make the agreements enforceable by specific performance.
This is apparent from the blending in the opinions of the provisions of Secs. 1 and 4 of Article X of the Constitution and the provisions of Sec. 708.07, supra, before and after it was amended. This statute relates to coverture as an impediment to decrees for specific performance against a husband or wife, or both, for the sale of the property of the wife or the relinquishment of her right of dower. Before the amendment such a contract had to be executed in the presence of two witnesses and acknowledged by the wife; after the amendment an acknowledgment was no longer necessary. If the statute is construed literally, it does not apply to homestead property. But the court seems to have resorted to this statute as the one defining the manner in which alienation could eventually be accomplished by an instrument "duly executed" as specified in Sec. 4 of Article X of the Constitution. It is true that in that section no mention is made of contracts to sell, but only of deeds and mortgages. We apprehend that the writers of the opinions had in mind that if the execution of contracts to sell homesteads were not so formalized, the transfer of homestead property, sacrosanct as it is, could be eventually effected by decree of *124 specific performance, although the contract forming the basis of such a transfer would have small resemblance to the formality with which it was intended that conveyances of homesteads should be accomplished.
We think that Sec. 689.01, supra, applies to conveyances as distinguished from contracts to convey, but in Cox v. La Pota, supra, the writer referred to that statute in determining what was necessary to an enforceable contract to convey a homestead.
In fine, we conclude after a careful study of the Constitution and the decisions, and the statutes cited in the decisions, that the court meant that agreements to convey homestead property must, to be specifically enforceable, be signed in the presence of two witnesses as required by Sec. 689.01, supra, for valid conveyances, and by Sec. 708.07, supra, for enforceable contracts to convey the separate property of married women and to relinquish dower.
We return to the chancellor's view that the two statutes, Secs. 689.01 and 725.01, supra, must be read together and that therefore two witnesses to signatures on contracts for deed are in all cases a prerequisite to the remedy of specific performance. We cannot agree that if the latter statute is followed, the contract would yet be unenforceable unless the former is followed also. Such a ruling would be inconsistent with the decision that a contract could be formed by correspondence, signed by "the party to be charged," as was held in Meek v. Briggs and Simons v. Tobin, both supra [80 Fla. 487, 86 So. 272].
The decisions in these two cases have not become inapposite by the passage of the 1941 amendment to Sec. 689.01, supra, because as late as 1952 in the case of Mehler v. Huston, Fla., 57 So.2d 836, this court held, as it had in Meek v. Briggs and Simons v. Tobin, both supra, that contracts growing out of an exchange of correspondence could be specifically enforced.
So we disagree with the chancellor on this point if, so far as now appears, no decree is sought affecting a homestead or separate property of a wife, or dower.
We conclude after an earnest effort to reconcile decisions with statutes and with each other that a contract for sale of realty must, to be enforceable, bear two witnesses if the property to be conveyed is homestead, or the separate property of a married woman, or if the relinquishment of dower is to be effected; that the two statutes first cited do not implement each other in all instances.
The chancellor thought that the contract could not be enforced because of the indefiniteness of the time the buyer was to meet the last payment but now, again, we must disagree. The total amount of the purchase price was expressly stated, $22,000, and one-half of that amount was to be paid in cash. This left a balance of $11,000. It was stipulated that the remainder was to be paid "in two (2) annual notes of three thousand six hundred sixty-six and 66/100th ($3,666.66) and the third (3rd) in the amount of three thousand six hundred sixty-six and 68/100th ($3,666.68) * * *." True, the provisions for the deferred payments were inartificially expressed, but we think it is not necessary to torture the language to construe it to mean that the adjective "annual" was intended to apply to the third payment as well as the first two. Fox v. Korshinsky, 97 Fla. 503, 121 So. 560.
In the study of this case we are confronted with a strange situation. The motion to dismiss contained only one ground, failure to state a cause of action. Naturally the appellant did not raise here the question of the faulty description in the copy of the contract attached to the complaint. So far as we are advised it was not until the appellee filed his reply brief in this court that he raised the point. We cannot tell from the motion whether or not this matter was argued, and the chancellor did not mention it in his decree. But we are disposed to comment upon it.
*125 The description in the complaint we quoted in the beginning is not the same as the description in the agreement. The one in the copy of the contract was:
"Ten (10) acres more or less fronting on Military Trail and running to the East of the plat of land recorded in the Palm Beach County Court House under the name of the owner, George Diedrich. The ten (10) acres moror less of the South 3/4 of the West 1/2 of the Southwest 1/4 of the Northeast 1/4 are located in Section 25, Township 43 South, Range 42 East, Palm Beach County, Florida."
The obvious variance between the description of the property in the complaint and in the copy of the contract made a part of the complaint should receive the earnest consideration of the chancellor as he proceeds with the cause in accordance with the views we have expressed.
Reversed.
TERRELL, C.J., and ROBERTS, THORNAL and O'CONNELL, JJ., concur.