100 So.2d 821 (1958)
Henry PETERSEN and Anna E. Petersen, his wife, Appellants,
v.
Jonas J. BROTMAN, Appellee.
No. 353.
District Court of Appeal of Florida. Second District.
January 31, 1958.
Rehearing Denied March 10, 1958.
*822 Miles B. Mank, II, Cornelius T. Walker, Vero Beach, for appellants.
John R. Gould, Vero Beach, for appellee.
ALLEN, Judge.
This is an interlocutory appeal from an order dated September 26, 1957 denying a motion to dismiss an amended complaint in an action by Jonas J. Brotman against Henry Petersen and Anna E. Petersen, his wife, for the reformation of and specific performance of a contract for the sale of real property. The defendants appealed, the parties being referred to herein as they stood before the lower court.
The motion to dismiss raised the question whether or not a suit for specific performance of a written contract to sell real property, which was held by the defendants as an estate by the entirety, could be specifically enforced where the contract had not been signed by them in the presence of two subscribing witnesses.
Section 708.07, Florida Statutes, F.S.A., as amended by Ch. 23820, Laws of Fla., 1947, provides:
"708.07 Specific performance against married woman. Coverture shall not prevent a decree against husband and wife or either of them to specifically perform their written agreement to sell or convey the separate property of the wife or to relinquish her right of dower in the property of the husband, regardless of whether the same shall be acknowledged or not."
Prior to the 1947 amendment, above, Section 708.07 read as follows:
"Specific performance against married woman. Coverture shall not prevent a decree against husband and wife to specifically perform their written agreement to sell or convey the separate property of the wife, or to relinquish her right of dower in the property of the husband, but no agreement for the sale or conveyance of her real property or for relinquishment of dower, shall be specifically enforced unless it be executed and acknowledged in the form prescribed for conveyances of her real property and for relinquishment of dower."
It has been held that Section 708.07 as amended in 1947, did not dispense with requirements of two witnesses. Abercrombie v. Eidschun, Fla. 1953, 66 So.2d 875.
Section 689.01, Florida Statutes, F.S.A., requires that any estate or interest for a term of more than one year be made by instrument in writing and signed in the presence of two subscribing witnesses.
The Supreme Court of Florida in the case of Zimmerman v. Diedrich, 97 So.2d 120, 122, decided September 20, 1957, held that agreements to convey homestead property must, to be specifically enforceable, be signed in the presence of two witnesses as required by statute for valid conveyances and for enforceable contracts to convey the separate property of married women and to relinquish dower, the Court in its opinion saying:
"* * * The only statute cited in the opinion was Sec. 689.01, supra. But it is plain from a study of expressions of this court on the subject, and especially from the very decision, Scott v. Hotel Martinique, Inc., quoted at length in Abercrombie v. Eidschun, supra, that the controlling law was Secs. 1 and 4 of Article X of the Constitution, F.S.A. The court observed that Sec. 708.07, supra, when amended `did not dispense with the requirement of two subscribing witnesses but only with the formal requirement of acknowledgment.'

*823 "Before the amendment in 1947, Sec. 708.07, supra, which was titled `Specific performance against married woman,' contained the provision that coverture should not prevent a decree of specific performance against husband and wife of an agreement to sell her property or relinquish her right of dower but that no such contract could be `enforced unless * * * executed and acknowledged in the form prescribed for conveyances of her real property and for relinquishment of dower.' So at this place in the history of the legislation a contract to convey a married woman's separate estate or to relinquish her dower had to bear her separate acknowledgment, Sec. 693.03, Florida Statutes 1941, F.S.A. At the time it was also the law of the state that an estate or interest of freehold could not be created or granted save by an instrument in writing `signed in the presence of two subscribing witnesses * * *.' Sec. 689.01, Florida Statutes 1941, F.S.A.
"To summarize, two witnesses were necessary to the validity of all conveyances and in addition a separate acknowledgment was required when the separate estate of a married woman was being transferred or her dower was being relinquished, and, to repeat, a contract so to convey or relinquish had to be executed with the same formality.
"The necessity of separate acknowledgment of married women to their deeds and contracts was eliminated by amendment in 1943 of Sec. 693.03, supra.
"In 1947, Sec. 708.07, supra, was amended by substituting for the requirement that a contract to convey a married woman's separate property or to relinquish her dower be executed and acknowledged in the manner prescribed for conveyance of such property and relinquishment of dower the provision that coverture would not prevent a decree for specific performance of the contract `regardless of whether the same (was) acknowledged or not.'
* * * * * *
"This is apparent from the blending in the opinions of the provisions of Secs. 1 and 4 of Article X of the Constitution and the provisions of Sec. 708.07, supra, before and after it was amended. This statute relates to coverture as an impediment to decrees for specific performance against a husband or wife, or both, for the sale of the property of the wife or the relinquishment of her right of dower." (Italics ours.)
It is the contention of the appellees that Section 708.07, Florida Statutes, F.S.A., does not apply to an estate by the entirety as such estates are not classed as the separate property of a married woman. It is further pointed out that the opinion in Zimmerman v. Diedrich, supra, in effect held the contract for the sale of property did not have to be witnessed unless it was homestead property, the separate property of a married woman, or for the relinquishment of her dower interest.
Sec. 1, Article XI of the Constitution of Florida, F.S.A., provides:
"All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women."
In the case of Anderson v. Trueman, 1930, 100 Fla. 727, 130 So. 12, 13, it was stated in a syllabus by the Court:
"An estate by the entireties is of common-law origin and is not a part of the `separate property' of a married woman as referred to in article 11 of *824 the Constitution and the married women's property acts of this state."
In the case of Newman v. Equitable Life Assur. Soc., 1935, 119 Fla. 641, 160 So. 745, 747, the Supreme Court held that real estate held by husband and wife by entireties could not, during the joint life of spouses, be levied upon for debts of one spouse or be conveyed or encumbered by only one spouse. The court in its opinion in that case said:
"By the common law the husband could not convey an estate by the entireties except subject to the wife's indivisible right to the entire estate, should she survive the husband. If the husband conveyed such an estate and he survived his wife, her rights ceased, and his conveyance estopped him. Under the Florida law, an estate by the entireties can be conveyed only by deed duly executed by husband and wife which includes a separate acknowledgment by the wife as required by section 5676 (3803), Comp.Gen.Laws.
"At common law estates by the entireties could not be conveyed by livery of seizin by the husband because of the wife's indivisible interest in such estate and because of the legal fiction of her unity with her husband and his constraint over her. Such estates as well as dower and other interests the wife had in lands were conveyed by means of collusive suits known as fine and common recovery referred to above.
* * * * * *
"An estate by the entireties is held by the husband and wife as one estate, therefore such estate is not the separate property of a married woman; nor is it the property of the husband; but the interest or property rights which a married woman has in an estate by the entireties held by her and her husband during his life is her separate property, under the comprehensive provisions of section 1, art. 11, of the constitution; and the interest the husband has in such an estate is his property.

"The husband and wife together, owning the entire interest or property rights in an estate by the entireties, may convey or mortgage such estate by the entireties in the manner stated in section 1, art. 11, of the constitution, and in sections 5661 (3788) 5662 (3789), 5663 (3790) 5674 (3801) et seq., Comp.Gen.Laws." (Italics ours.)
In the case of Heitz v. Sayers, 1923, 2 W.W. Harr. 207, 32 Del. 207, 121 A. 225, 228, the Superior Court of Delaware held that the interest of the wife in estate by entirety is the separate property of the wife under the Delaware statutes.
Chapter 197, Vol. 30, Delaware Laws provided that the property of a married woman shall be her sole and separate property. The question involved in that case was whether or not a married woman, by reason of her interest in the entirety property, had a right to join with her husband in a contract for its alterations and repairs.
The Delaware Court, in its opinion, said:
"The fact that the statute in question also provides that a married woman `may sell, convey, assign, transfer, devise, bequeath, encumber, or otherwise dispose of' her separate property cannot, because of the peculiar nature of a married woman's interest in an estate by the entirety, operate to exclude it from being included within the broad meaning of the word `property,' as used in such statute."
See also Muskegon Lumber & Fuel Co. v. Johnson, 1954, 338 Mich. 655, 62 N.W.2d 619.
Since a married woman's interest or property right in an estate by the entireties is her separate property, it does not comport with logic, nor with the tender solicitude with which our courts have protected the interests of married women to say that a wife's interest or property right in an estate by the entirety could be divested by a contract executed with less solemnity *825 than a contract for the release of her dower interest.
We reach the conclusion that Section 708.07, Florida Statutes 1955, F.S.A., relates also to the interest or property right of the wife in an estate by the entirety since such interest or property right is included as part of the separate property of the wife. We, therefore, hold that the lower court must be reversed for denying the motion to dismiss the amended complaint.
Reversed.
KANNER, C.J., and SMITH, CULVER, A.J., concur.