SHANNON, Judge.
The appeal in this case is brought by the defendant from the final decree of the chancellor below. In the final decree the chancellor adjudged a deposit receipt contract between the plaintiffs, Francis Griffith and Louise Griffith, husband and wife, and the defendant, Arthur Wexler, to be null and void, and directed the Clerk • of the Court to expunge said alleged contract from the public records. Prior to the final decree an order was entered by the chancellor in which the following language in part was used:
“A decree should be entered for the plaintiffs. The deposit receipt was not signed in the presence of two subscribing witnesses. It did not appear that it was possible with reasonable diligence to clear the title to the property within 150 days when the deposit receipt was entered into; the purchaser did not request delivery of the title in its existing condition. The defendant was not reasonably diligent in asserting his claim for specific performance. There was evidence that the defendant abandoned his contract and was attempting another agreement.
“Upon proper motion the court will permit an amendment of the complaint to conform to the evidence, as requested by plaintiffs in final argument, to allege the statutory requirement of two witnesses to the contract.”
The defendant has set out various questions in his brief, the first of which is whether it is essential to the validity of the contract that it be executed in the presence of two witnesses. In view of the fact that this court has, by a decision heretofore rendered, answered the question in the affirmative, it will be unnecessary that the defendant’s other questions be answered.
In the case of Petersen v. Brotman, Fla.App.1958, 100 So.2d 821, 824, decided by this court on the 31st day of January, in an opinion by the Judge Allen, it is said:
“(1,2) Since a married woman’s interest or property right in an estate by the entireties is her separate property, it does not comport with logic, nor with the tender solicitude with *148 which our courts have protected the interests of married women to say that a wife’s interest or property right in an estate by the entirety could be divested by a contract executed with less solemnity than a contract for release of her dower interest.
“We reach the conclusion that Section 708.07, Florida Statutes 19SS, F. S.A., relates also to the interest or property right of the wife in an estate by the entirety since such interest or property right is included as part of the separate property of the wife. * ifc ‡ "
Having held that the deposit receipt contract herein involved does not meet the tests set forth in Petersen v. Brot-man, supra, the other points urged by the defendant become moot.
Affirmed.
KANNER, C. J., and SEBRING, FIAR-OLD L., Associate Judge, concur.