PEARSON, Chief Judge.
The plaintiffs appeal a final judgment dismissing their complaint for damages. The trial judge has carefully set forth the grounds for the judgment as follows:
“1. That the suit filed by the Plaintiffs was for a breach of- contract for the sale of real property located within the State of Florida.
“2. That the contract sued upon has been attached to the complaint and that the contract affirmatively shows on its face the signature of only one witness for the alleged purchaser and alleged seller.
“3. That Florida Statute 689.01 requires that the contract for the sale of real property must be ‘signed in the presence of two subscribing witnesses. * * * > »
Although this may conflict with Radabaugh v. Ware, Fla.App.1970, 241 So. 2d 738, we believe that the trial judge has incorrectly stated that a contract for the sale of real property to be enforceable must be executed with the formality required by F.S. § 689.01, F.S.A. for a conveyance of real property. In Zimmerman v. Diedrich, Fla.1957, 97 So.2d 120, the Supreme Court of Florida said, “We think that Sec. 689.01, supra, applies to conveyances as distinguished from contracts to convey * * And in that opinion the court held:
>|< >[i >j< >|<
“We conclude after an earnest effort to reconcile decisions with statutes and with each other that a contract for sale of realty must, to be enforceable, bear two witnesses if the property to be con *142 veyed is homestead, or the separate property of a married woman, or if the relinquishment of dower is to be effected; that the two statutes first cited do not implement each other in all instances.”
The appellees have stated in their brief that the property described in the contract for sale is a homestead. The complaint does not show this to be true. If this fact appeared without issue upon a motion for summary judgment, then the law cited would be applicable to support a judgment for the defendants.
In addition appellees have in their brief relied upon many cases holding that a judgment dismissing a complaint for specific performance is proper where the contract is for the sale of real property and the contract is not executed in conformity with F.S. § 689.01, F.S.A. See Wexler v. Griffith, Fla.App.1958, 107 So.2d 147; Petersen v. Brotman, Fla.App. 1958, 100 So. 2d 821. These cases do not support a judgment dismissing an action for damages upon a breach of contract for the sale of real property where the contract is otherwise complete and lawful but does not have the requisite number of witnesses to conform to F.S. § 689.01, F.S.A.
Reversed and remanded for further proceedings.