272 So.2d 203 (1973)
CON-DEV OF VERO BEACH, INC., a Florida Corporation, Appellant,
v.
Francis V. CASANO and Anna M. Casano, His Wife, Appellees.
No. 72-601.
District Court of Appeal of Florida, Fourth District.
January 23, 1973.
*205 Luther Taylor and Frank E. Booker, of Ryan, Taylor, Booker & Law, North Palm Beach, for appellant.
Charles R. McKinnon, of Gould, Cooksey, Fennell, Appleby & McKinnon, Vero Beach, for appellees.
WALDEN, Judge.
This appeal challenges an interlocutory order which struck defendant's affirmative defenses in a suit which prayed for specific performance and alternatively for money damages. As reflected, we reverse as concerns certain of them, and otherwise affirm.
From the complaint we notice that the underlying contract is one in which plaintiffs agreed to purchase an apartment in The Citadel, a condominium which defendant was later to build. Inasmuch as the particular condominium was not built, a fact mentioned in the complaint, there is a question in this court's mind as to whether plaintiff has pleaded a proper cause for specific performance.
From the record, it appears that plans to construct The Citadel were abandoned and in its stead a new condominium apartment building, markedly different in layout and scope and more expensive as to unit cost, was constructed, it being called the Village Spires.
With this backdrop, defendant asserted six affirmative defenses, as follows:
(a) Impossibility and abandonment.
(b) Plaintiffs' failure to do equity (unclean hands).
(c) Improper execution of the contract sued on under F.S. 689.01, F.S.A.
(d) Absence of mutuality of obligation or remedy.
(e) Breach of the alleged contract by Plaintiffs' failure to make payment or timely payment under the contract, and that Plaintiffs are not entitled to the remedies they seek, but that such relief is excluded and their remedy limited by the contract they have pleaded and relied on.
(f) Laches and estoppel or waiver.
Except for (f), laches and estoppel or waiver, these defenses were stricken upon plaintiffs' motion, for reasons not apparent. All were erroneously stricken except (c), improper execution of the contract under § 689.01, F.S. 1969, F.S.A.
Section 689.01 provides:
"689.01 How real estate conveyed.  No estate or interest of freehold, ... shall be ... granted, transferred ... in any other manner than by instrument in writing, signed in the presence of two subscribing witnesses by the party ... granting, .. . such estate, ... Corporations may convey in accordance with the provisions of this section or in accordance with the provisions of §§ 692.01 and 692.02."
This defense was immaterial and, therefore, properly stricken as Section 689.01 applies to conveyances, not contracts to convey. Kroner v. Esteves, Fla.App. 1971, 245 So.2d 141. Here we are concerned with a purchase agreement, not an actual conveyance.
*206 Contracts for the sale of land fall within the purview of Section 725.01, F.S. 1969, F.S.A.:
"725.01 Promise to pay another's debt, etc.  No action shall be brought ... upon any contract for the sale of lands, ... unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged there-with or by some other person by him thereunto lawfully authorized." (Emphasis supplied.)
Section 725.01 does not require witnesses and by case law contracts to convey property need not be witnessed if the property is not 1) homestead, 2) separate property of a married woman or 3) relinquishment of dower. Zimmerman v. Diedrich, Fla. 1957, 97 So.2d 120. If one of these three is not concerned, it is unnecessary to have two witnesses to the contract to insure specific performance. Zimmerman v. Diedrich, supra. This is also true in damage suits for breach of contract to convey property. Radabaugh v. Ware, Fla.App. 1970, 241 So.2d 738; see Kroner v. Esteves, supra.
Since the property in question did not fall within the purview of the three classes, defendant's affirmative defense that the contract was not witnessed as required by Section 689.01 was immaterial to both the damages claim and specific performance claim and, therefore, was properly stricken.
Under F.R.C.P. 1.110(d), 30 F.S.A., a party must affirmatively plead certain enumerated defenses and "any other matter constituting an avoidance or affirmative defense." An affirmative defense is waived unless pleaded. Gordon International Advertising, Inc. v. Charlotte County Land & Title Co., Fla.App. 1964, 170 So.2d 59. Under F.R.C.P. 1.140(f) a party may move to strike any defense which is insufficient, redundant, immaterial, impertinent or scandalous.
Specific performance of a contract for the sale of realty will not be decreed against the vendor who is unable to comply with the terms of his agreement. Richards v. Mindlin, 1927, 94 Fla. 699, 114 So. 508. The defense of impossibility in this instance would constitute an avoidance or affirmative defense to specific performance under F.R.C.P. 1.140, and therefore should not have been stricken.
The defense of unclean hands was also improperly stricken. It presents a fact question. Defenses presenting bona fide fact questions and also matters bearing upon the equities should not be stricken. A.M. Kidder & Co. v. Turner, Fla. 1958, 106 So.2d 905; Town of Howey-In-The-Hills v. Graessle, Fla. 1948, 160 Fla. 638, 36 So.2d 619.
In suits for specific performance of a contract there must be mutuality of obligation and remedy. Romines v. Nobles, Fla. 1951, 55 So.2d 563. The facts stated in defendant's affirmative defenses show there could be no mutuality of remedy in this instance. Since the building was never constructed, plaintiffs could not have been forced to specifically perform and purchase a non-existent apartment. That the contract itself may not have been void for mutuality of obligation in an action at law is immaterial in a suit for specific performance. Calumet Co. v. Oil City Corp., Fla. 1934, 114 Fla. 531, 154 So. 141. This was a relevant defense and should not have been stricken.
Plaintiffs did not move to have defendant's affirmative defense (e) stricken. This defense falls under the miscellaneous category of Rule 1.110 and points out plaintiffs' breach of the contract terms. If it had not been raised at this point, it would have been waived. Since the defense was sufficient, it should not have been stricken.
We reverse as to affirmative defenses a, b, d and e, supra, and affirm as to c.
*207 Affirmed in part, reversed in part, and remanded for proceedings consistent with the views expressed herein.
REED, C.J., and CROSS, J., concur.