289 So.2d 777 (1974)
John B. DOLAN, Appellant,
v.
Allyn M. WRIGHT et al., Appellees.
No. 72-822.
District Court of Appeal of Florida, Fourth District.
February 15, 1974.
*778 Larry Klein, Cone, Wagner, Nugent, Johnson & McKeown, West Palm Beach, for appellant.
Rosemary Barkett, Farish & Farish, West Palm Beach, for appellees.
WALDEN, Judge.
Specific performance of an executory real estate contract was ordered at the sellers' behest. The purchaser was required to purchase. The defendant-purchaser appeals. We affirm.
Point II alone merits comment. It assigned that:
"The Court erred in requiring specific performance of the contract where the signature of the wife of the seller was not witnessed by two persons."
The real question is, when property is encumbered by dower rights must there be two witnesses to the wife's signature on a contract for deed for the property, to support an action for specific performance.
There is no requirement for two subscribing witnesses to a contract for deed except when homestead property is involved. Koplon v. Smith, Fla. 1972, 271 So.2d 762.
Formerly under F.S. 708.07, F.S.A. (1969)[1] as interpreted in Kyle v. Kyle, Fla.App. 1961, 128 So.2d 427; Petersen v. Brotman, Fla.App. 1958, 100 So.2d 821 and Zimmerman v. Diedrich, Fla. 1957, 97 So.2d 120, it was necessary that two witnesses subscribe to a contract for deed concerning dower relinquishment. That requirement was obviated by the repeal of that statute on October 1, 1970, which repeal pre-dated the instant obligation.
Thus, there was mutuality of remedy at all times pertinent, and the trial court correctly entered the judgment of specific performance.
Affirmed.
OWEN, C.J., and CROSS, J., concur.
NOTES
[1] "708.07 Specific performance against married woman Coverture shall not prevent a decree against husband and wife or either of them to specifically perform their written agreement to sell or convey the separate property of the wife or to relinquish her right of dower in the property of the husband, regardless of whether the same shall be acknowledged or not."