355 So.2d 843 (1978)
Leander CARROLL and Jessie J. Carroll, Appellants,
v.
Tom K. DOUGHERTY and Valentine S. Dougherty, Appellees.
No. 77-1002.
District Court of Appeal of Florida, Second District.
March 3, 1978.
Rehearing Denied March 20, 1978.
*844 Jack P. Brandon and Lee G. Schmudde of Peterson, Myers, Curtis, Craig & Crews, Lake Wales, for appellants.
R. Dewey Burnsed of McLin, Burnsed & Cyrus, P.A., Leesburg, for appellees.
GRIMES, Acting Chief Judge.
This case squarely presents the question of whether, since the adoption of our 1968 Constitution, there is any longer a requirement that a contract to sell homestead property be executed in the presence of two subscribing witnesses.
The appellants signed a contract to sell their home. The contract was signed only in the presence of a real estate broker. The broker then brought the contract to the appellees to sign as purchasers. One of them noticed that the contract bore the signature of only one witness and called this to the attention of the broker. The broker took the contract and later brought it back to the appellees showing the signature of the broker's wife as a second witness. The appellees then signed the contract. When the appellants later refused to go through with the contract, the appellees brought suit for specific performance. The court entered a summary judgment for the appellees on the estoppel theory set forth in Cox v. LaPota, 76 So.2d 662 (Fla. 1954). On appeal, this court reversed because there were genuine issues of fact and conflicting inferences to be drawn therefrom with respect to the estoppel. Carroll v. Dougherty, 302 So.2d 439 (Fla. 2d DCA 1974).
Upon remand, in the course of a pretrial conference, the court concluded that it was unnecessary to try the estoppel issue because by virtue of the adoption of our new constitution there was no longer any requirement to have two subscribing witnesses to a contract to sell homestead. Thereupon, the court entered a new summary judgment for the appellees, from which the appellants have filed this appeal.
The court below predicated its ruling upon our decision in Wickes Corp. v. Moxley, 342 So.2d 839 (Fla. 2d DCA 1977), which was rendered after the reversal of the first summary judgment. In Wickes we held that there was no longer any requirement for two subscribing witnesses on a mortgage of homestead realty because the language of Article X, Section 4(c) of the 1968 Constitution eliminated the requirement that deeds and mortgages of homestead be "duly executed." We explained that the words "duly executed" as contained in the old constitution had been construed to mean that a mortgage had to be executed with the formality of a deed as required by Section 689.01 of our statutes and that this section called for two witnesses. In view of the fact that there was no statutory requirement for witnesses on a mortgage, we concluded that the elimination of the words "duly executed" had the effect of rendering the previous decisions on homestead mortgages no longer applicable. We must now decide whether the rationale of Wickes is applicable to contracts to sell homestead realty.
Section 689.01, Florida Statutes (1975), provides that no real estate shall be transferred except by an instrument in writing signed in the presence of two subscribing witnesses. This statute does not apply to contracts for the transfer of real estate even though one can become legally bound to execute a deed by virtue of having signed the contract. Zimmerman v. Diedrich, 97 So.2d 120 (Fla. 1957); Dolan v. Wright, 289 So.2d 777 (Fla. 4th DCA 1974); Kroner v. Esteves, 245 So.2d 141 (Fla. 3d DCA 1971). Since there is nothing in Section 689.01 to differentiate homestead realty, the requirement for witnesses on a contract to convey homestead had to come from another source. A study of the evolution of this requirement demonstrates that it was grounded upon the "duly executed" provision of the old constitution relating to homesteads and that Section 689.01 was only pertinent for the purpose of determining what these words meant. Zimmerman v. Diedrich, supra;[1]Hutchinson v. Stone, *845 79 Fla. 157, 84 So. 151 (1920). Thus, by virtue of the deletion of the words "duly executed" from the new constitution, we are drawn to the inescapable conclusion that contracts to convey homestead realty fall into the same category as contracts to convey any other kind of real estate.
Superficially, our holding appears to conflict with Koplon v. Smith, 271 So.2d 762 (Fla. 1972); Shedd v. Luke, 299 So.2d 58 (Fla. 1st DCA 1974), and even our prior opinion in the instant case. However, in none of these opinions was the effect of the deletion of the words "duly executed" from the old constitution discussed. Thus, it appears that in each of these cases the court was simply reciting the well-established rule which existed prior to the adoption of the new constitution. Since our reasoning in Wickes has now been adopted by the supreme court,[2] we believe that court would now hold that the elimination of these words also dispensed with the requirement of two witnesses on a contract to convey homestead.
The appellants make some plausible arguments for differentiating between a contract to convey homestead and a mortgage on homestead. They point out that in the case of a mortgage the transaction has been fully executed and the mortgagee has already advanced the money, whereas a contract to convey is still in the executory stage when less harm is likely to result if the transaction is not consummated. They also suggest that more formality should be required where one agrees to sell his home, because once the contract is signed it is subject to specific enforcement. We suggest that these are arguments which should be directed to the legislature. We believe we would be overstepping our bounds to decide for policy reasons that Section 689.01 should be interpreted to require two witnesses on a contract to convey homestead realty when the same statute has always been construed as not requiring two witnesses on a contract to convey nonhomestead realty.
AFFIRMED.
SCHEB and OTT, JJ., concur.
NOTES
[1] The Zimmerman case also held that by virtue of Section 708.07, Florida Statutes (1955), two witnesses were required on any contract which had the result of requiring the conveyance of the separate property of a married woman or the relinquishment of dower. The effect of this statute need no longer be considered because it was repealed in 1970. See Dolan v. Wright, supra.
[2] Moxley v. Wickes Corp., 356 So.2d 785 (Fla., filed January 26, 1978).