366 So.2d 47 (1978)
Margaret GROSS, Appellant,
v.
Joseph E. SIMANONOK, Appellee.
No. 78-1502.
District Court of Appeal of Florida, Second District.
November 29, 1978.
Rehearing Denied January 8, 1979.
*48 W. Daniel Kearney of Kearney & Mulock, Bradenton, for appellant.
Joseph E. Simanonok, pro se.
SCHEB, Judge.
Appellant/defendant Margaret Gross challenges the trial court's order vacating a final summary judgment entered in her favor. We hold that the trial court was without authority to vacate the judgment, and therefore we reverse.
On July 10, 1978, appellee/plaintiff Simanonok filed a motion to vacate the final summary judgment entered in this case on December 8, 1975. In the 1975 judgment the court had refused to enforce a contract for sale of Gross' homestead to Simanonok because the contract had not been witnessed by two persons. No appeal was taken from the judgment. In his 1978 motion to vacate Simanonok sought to have *49 the judgment vacated on two grounds. First, he contended that since this court held in Carroll v. Dougherty, 355 So.2d 843 (Fla. 2d DCA 1978) that it is not necessary to have witnesses to contracts to convey homestead property, the order granting summary judgment was erroneous. Second, he alleged that Gross had misrepresented to the trial court before the summary judgment was entered that she intended to retain her homestead, when, in fact, she sought to avoid the contract with Simanonok in order to sell her property to a third party.
Gross moved to strike the motion to vacate, arguing that this court's holding in Carroll, rendered subsequent to the summary judgment, afforded no grounds to vacate that judgment. On July 27, 1978, the trial judge granted Simanonok's motion to vacate. This timely interlocutory appeal by Gross ensued with a cross-appeal by Simanonok.
Although Carroll v. Dougherty, supra, is now the law in Florida, the 1975 judgment, not having been timely appealed, became res judicata. A mistaken view of the law is a judicial error as distinguished from "mistake, inadvertence, surprise, or excusable neglect" and is therefore not one of the circumstances contemplated in Fla.R. Civ.P. 1.540 under which final judgments may be set aside. Fiber Crete Homes, Inc. v. Division of Administration, Department of Transportation, 315 So.2d 492 (Fla. 4th DCA 1975). Moreover, Simanonok's allegation of misrepresentation is refuted by the record which was before the trial court on entry of final summary judgment. Therefore, Simanonok was not entitled to relief on either ground and the court erred in vacating the judgment.
We note that on August 24, 1978, three days after this appeal was filed, the trial court vacated the July 27, 1978 order and entered an amended order denying Simanonok relief. By cross-appeal Simanonok attacks the validity of this amended order. We agree that the amended order (while correct in substance) was of no effect and must be vacated since the trial court was without jurisdiction to alter the July 27, 1978 order once this appeal was filed. Burke v. Burke, 336 So.2d 1237 (Fla. 4th DCA 1976).
Accordingly, the August 24, 1978 amended order is vacated; the July 27, 1978 order is reversed; and the cause is remanded to the trial court for entry of an order denying Simanonok's request for relief.
HOBSON, Acting C.J., and DANAHY, J., concur.