OTT, Judge.
We hold that it is no longer required in Florida that a contract to sell homestead property be executed in the presence of two subscribing witnesses.
In this case, a contract for the sale of homestead property contained the signature of only one witness attesting to the execution by the seller. The trial court held that there must be two witnesses. We reverse upon the authority of our recent holding in Carroll v. Dougherty, 355 So.2d 843 (Fla. 2d DCA 1978).[1]
In Wickes Corp. v. Moxley, 342 So.2d 839 (Fla. 2d DCA 1977) this court discussed the constitutional provision governing the mortgage of a homestead:
[Ujnder the prior constitutional provisions a homestead could only be mortgaged by a “duly executed” instrument; and the courts uniformly held that “duly executed” under these provisions meant that such a mortgage had to be executed with the formality of a deed as required by § 689.01 . . . which . required the presence of two subscribing witnesses.
342 So.2d at 841. In Wickes the court pointed out that Art. X, § 4(c) of the 1968 Constitution omitted the words “duly executed”. The Wickes court reasoned that the deletion of this language — which had been the underpinning for the requirement that there be two witnesses on a homestead mortgage — indicated that two witnesses *1236 were no longer required to the execution of a mortgage on homestead property.[2]
In Carroll v. Dougherty, supra, this court was faced with the issue whether “there is any longer a requirement that a contract to sell homestead property be executed in the presence of two subscribing witnesses” and, more specifically, whether “the rationale of Wickes is applicable to contracts to sell homestead realty.” 355 So.2d at 844. Judge Grimes reasoned that:
[B]y virtue of the deletion of the words “duly executed” from the new constitution, we are drawn to the inescapable conclusion that contracts to convey homestead realty fall into the same category as contracts to convey any other kind of real estate.
355 So.2d at 845. Continuing, Judge Grimes stated:
Since our reasoning in Wickes has now been adopted by the supreme court, we believe that court would now hold that the elimination of these words also dispensed with the requirement of two witnesses on a contract to convey homestead.
355 So.2d at 845.
We find no merit with appellant’s remaining contention that the trial court erred in finding that the subject property was homestead property.
Reversed and remanded.
BOARDMAN, Acting C. J., and SCHEB, J., concur.

. Carroll v. Dougherty, supra, was decided after the trial court reached its decision.

. The supreme court affirmed in Moxley v. Wickes Corp., 356 So.2d 785 (Fla.1978).