383 So.2d 715 (1980)
Cecilia A. JOHNSON, Petitioner,
v.
Hon. Ralph B. FERGUSON, Jr., Judge of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Respondent.
No. 80-552.
District Court of Appeal of Florida, Third District.
May 6, 1980.
*716 Cecilia A. Johnson, in pro. per.
I. Richard Jacobs, Miami, for respondent.
Before HENDRY, NESBITT and BASKIN, JJ.
BASKIN, Judge.
In this petition for writ of mandamus, we are asked to order respondent, Honorable Ralph B. Ferguson, Jr., to rescind his order compelling the immediate sale of the former marital home of the parties. We find the circuit court judge exceeded his jurisdiction in entering the order and grant the petition for writ of mandamus.
Under the terms of a final judgment dissolving the marriage, case number 78-16336 FC (04), petitioner was awarded the right to remain in the marital home until the minor child reached the age of eighteen. The husband and wife were each ordered to pay half the mortgage payments on the property, which the parties now own as tenants in common.
Neither party paid his share of the mortgage payments, and a final judgment foreclosing the mortgage was entered in Oritani Savings and Loan Association v. James B. Johnson and Cecilia A. Johnson, case number 79-15275. The home was ordered to be sold in accordance with the mortgage foreclosure proceedings. A stay of the foreclosure sale has been granted until May 23, 1980.
The trial court, in the dissolution proceeding, entered an order compelling the showing of and the immediate sale of the former marital home. It is this order petitioner seeks to have rescinded on the ground that her right to the property vested upon rendition of the final judgment of dissolution.
We grant the petition for writ of mandamus because we find the trial court lacked jurisdiction to order an immediate sale of the home. The order of the trial court was entered more than a month after the final judgment of dissolution and after the notice of appeal had been filed. The trial court, therefore, lacked jurisdiction to enter the order compelling sale. Gross v. Simanonok, 366 So.2d 47 (Fla. 2d DCA 1978) and Liberman v. Rhyne, 248 So.2d 242 (Fla. 3d DCA 1971). Respondent relies upon rule 9.600(c), Florida Rules of Appellate Procedure, which allows the lower court to retain jurisdiction to enter and enforce orders necessary to protect the welfare and rights of any party pending appeal. We hold that the order requiring the sale of the home is not an order within the contemplation of the rule. See generally Horton v. Horton, 330 So.2d 69 (Fla. 1st DCA 1976) and Simon v. Simon, 293 So.2d 780 (Fla. 3d DCA 1974).
We note that the trial court apparently sought to protect the parties from a loss of their marital home under the final judgment of foreclosure. Although we grant the relief sought by petitioner, we realize that the actions of the parties in failing to *717 make their mortgage payments will result in the loss of their equity in the home unless immediate action is taken in other pending cases.
For the foregoing reasons, we direct the trial court to vacate the order compelling the parties to sell the property. We do not issue the final writ of mandamus because we believe the trial court will act in accordance with the decision of this court.
Because the foreclosure sale is presently set for May 23, 1980, we decline to entertain petitions for rehearing. This opinion is final.