DANAHY, Chief Judge.
The marriage of the parties to this appeal was dissolved by a final judgment of dissolution of marriage (the final judgment) entered on August 6, 1985. Both parties appealed the final judgment to this court and those appeals are presently pending. Subsequent to the filing of those appeals in this court, the trial judge entered orders dated July 24, July 31, August 18, and August 20, 1986, all of which were adverse to the wife. She appeals; we reverse.
The final judgment ordered shared parental responsibility of the three minor sons of the marriage, with the wife designated as primary residential parent. During the pendency of the dissolution proceedings, the wife requested permission to leave the State of Florida with her children, expressing in her motion her plan to obtain a teaching position in Illinois and indicating that she would take the children with her to Illinois should she obtain that position. The trial judge granted permission to the wife to leave the State of Florida and take the children with her, “subject to review at trial.” The final judgment contained no restrictions on the residence or movement of the children.
In the final judgment the wife was also awarded exclusive use of the former marital home until her remarriage or until the youngest child reaches the age of eighteen years. The husband was obligated to pay the wife $350 per month per child as child support. The final judgment was subsequently amended to reduce the child support to $300 per month per child.
After the entry of the final judgment and the appeals to this court from that judgment, the wife made plans to take the children to Illinois. That action brought about the entry of the orders which are the subject of this appeal. The net effect of the orders was to grant the husband temporary custody (primary residential responsibility) of the parties’ minor children, stay the husband’s child support obligation, grant the husband temporary exclusive use and possession of the parties’ marital home, and forbid the removal of the children from the State of Florida. We reverse these orders because they are an attempt to modify the final judgment, which the trial judge had no jurisdiction to do. A trial judge is without jurisdiction to alter an order or judgment once an appeal from that order or judgment has been filed. Johnson v. Ferguson, 383 So.2d 715 (Fla. 3d DCA 1980); Gross v. Simanonok, 366 So.2d 47 (Fla. 2d DCA 1978).
We point out that our reversal of the orders under review means that the rights and obligations of the parties determined by the final judgment are governed by the provisions of the final judgment, subject to our pending appellate review of that judgment. We address one matter specifically by remanding with directions that the trial judge take whatever action may be necessary to ensure that the parties’ children are promptly placed in the custody of the wife, as provided in the final judgment. Any motion herein for rehearing or clarification must be filed no later than five days from the date this opinion is issued.
Reversed and remanded with directions.
LEHAN and HALL, JJ., concur.