RYDER, Acting Chief Judge.
This appeal is from a summary judgment in favor of appellee. The summary judgment dismissed appellant’s complaint for declaratory judgment which requested that the court give effect to an agreement between appellee and appellee’s deceased husband. The agreement required the husband to satisfy a mortgage on a parcel of real property titled in the husband and appellee’s names jointly as husband and wife. The agreement then stated that, in the event appellee survives her husband (which she did), appellee was to convey the property to herself and appellant as tenants in common. The agreement then contains provisions not pertinent to this appeal, and is signed by both the husband and appellee.
The trial court granted summary judgment based on its belief that section 689.01, Florida Statutes (1987), applies to the situation at hand and the agreement cannot be enforced because it was not executed with the formality required by that statute. The statute requires that any instrument creating an interest in real property must be signed “in the presence of two subscribing witnesses.” Id.
We reverse. The trial court erred in applying section 689.01 to the facts of this case. We have previously held that a contract for sale of homestead property need not be executed with the formality of a deed required by the statute. Ford v. Barnes, 366 So.2d 1235 (Fla. 2d DCA 1979). The agreement in this case can be compared to a contract for sale for purposes of section 689.01. The agreement itself did not create an interest in the property in favor of appellant. If the agreement is valid (which must be determined from further proceedings below), then appellee’s conveyance of the property to herself and appellant pursuant to the agreement will be the instrument creating an interest in the property in favor of appellant. That instrument will fall under the requirements of section 689.01.
We note that appellant’s brief includes a discussion of the merits of some of appel-lee’s other affirmative defenses. We decline the invitation to consider arguments other than the application of section 689.01. We reverse based solely on the inapplicability of section 689.01 to the facts of this case and remand the matter for further proceedings consistent with this opinion.
Reversed and remanded with instructions.
HALL and THREADGILL, JJ., concur.