POLEN, Judge.
Former husband Robert Adams appeals a final judgment granting a downward modification of his child support obligations. Former wife Karen Adams cross-appeals from a later judgment entered after the notice of appeal was filed. We find no error in the points raised by the husband, but reverse and remand on the wife’s cross-appeal.
On May 22, 1995, while this appeal was pending, the trial court granted the husband’s motion for further downward modifi *527 cation by terminating his obligation to pay $3.08.00 per month for his son’s health insurance. The court terminated the payment, as Mr. Adams had placed the child on his insurance coverage through work.
The trial court was without jurisdiction to further modify the final judgment while the order granting modification was on appeal. Floyd v. Floyd, 500 So.2d 317 (Fla. 2d DCA 1986). In Floyd, the trial court modified a dissolution order while an appeal of that order was pending. Id. at 318. The court reversed those orders stating:
A trial judge is without jurisdiction to alter an order or judgment once an appeal from that order or judgment has been filed. Johnson v. Ferguson, 383 So.2d 715 (Fla. 3d DCA 1980); Gross v. Simanonok, 366 So.2d 47 (Fla. 2d DCA 1978).

Id.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
GLICKSTEIN and SHAHOOD, JJ., concur.