SUAREZ, J.
 

 TRG-Brickell Point, NE Ltd., (“TRG”), appeals from a final order granting summary judgment in favor of Mariano Gra-vante (“Gravante”). We reverse as the summary judgment was based on an incorrect interpretation of the law.
 

 On May 16, 2005, the parties entered into a purchase and sale agreement for a condominium unit. Pursuant to the purchase and sale agreement, TRG agreed to substantially complete the building -within two years of the date of the signing of the agreement. When TRG did not complete the condominium unit within the two-year time period, Gravante asked for the return of his deposit. TRG did not return the deposit, and Gravante brought an action for breach of contract. Gravante sued TRG on October 30, 2008, in a one-count complaint for breach of contract alleging that TRG had failed to deliver the condominium unit within two years of the sale agreement’s execution. Gravante sought
 
 *323
 
 return of his $84,580.00 escrow payment, plus prejudgment interest, costs and attorney’s fees. TRG filed an affirmative defense claiming that a later-signed purchase agreement, Form H, superseded the first purchase and sale agreement and gave TRG additional time to complete the unit until December 31, 2009. On February 26, 2010, Gravante filed a motion for partial summary judgment alleging that his signature on Form H was a forgery and filed an affidavit of an expert to that effect. On April 8, 2010, the trial court granted partial summary judgment in favor of Gra-vante based, not on the issue of whether the signature was a forgery, which was not decided by the court, but on the finding that Form H, a contract for purchase and sale was not witnessed or dated and therefore invalid as a matter of law. TRG filed a motion for reconsideration relying upon evidence showing that Form H was, in fact, dated and upon Florida law, contending that Form H, a contract for purchase and sale, was not required to be witnessed. The trial court denied TRG’s motion for reconsideration and granted Gravante final summary judgment. This appeal follows.
 

 TRG contends on appeal that the trial court erred in granting final summary judgment in favor of Gravante for two reasons. TRG contends that the trial court abused its discretion in denying TRG’s reconsideration motion because the motion established that Form H had been, in fact, dated, and because section 689.01, Florida Statutes (2010), requiring transfers of real estate to be in writing and signed by the grantor in the presence of two subscribing witnesses, does not apply to a purchase and sale contract; therefore, the grounds upon which the trial court granted summary judgment are refuted. Secondly, the trial court abused its discretion in denying TRG’s motion for reconsideration because summary judgment was granted on grounds that were never raised in the motion for partial summary judgment.
 

 We agree with TRG. In ruling on motions for summary judgment, a trial court may not make extraneous findings and conclusions of law sua sponte on matters that were not raised by the parties.
 
 Instituto Patriotico Y Docente San Carlos, Inc. v. Cuban Am. Nat’l Found.,
 
 667 So.2d 490 (Fla. 3d DCA 1996);
 
 Boucher v. First Cmty. Bank of Orange City,
 
 626 So.2d 979 (Fla. 5th DCA 1993). Gravante’s motion for partial summary judgment was based on whether or not his signature on Form H was forged. Gravante did not raise in his motion that Form H was invalid because it was not dated or witnessed. In addition, because section 689.01 regulates the conveyance of real property and does not apply to documents such as Form H, which is a contract for purchase and sale and is not an instrument of conveyance of property, the statute does not apply. Thus, the trial court’s reason for denying the motion for reconsideration was contrary to Florida law. See
 
 Free v. Free,
 
 936 So.2d 699 (Fla. 5th DCA 2006);
 
 Benasutti v. Costalas,
 
 526 So.2d 1080 (Fla. 2d DCA 1988);
 
 Rosenthal v. Finger & Margolis, P.A.,
 
 460 So.2d 993 (Fla. 4th DCA 1984);
 
 Con-Dev of Vero Beach, Inc. v. Casano,
 
 272 So.2d 203 (Fla. 4th DCA 1973).
 

 As we find the trial court abused its discretion in denying the motion for reconsideration and granting summary judgment in favor of Gravante, we reverse the final summary judgment in all respects.
 

 Reversed and remanded.