JAMES S. RICHARDS, GRACE H. RICHARDS, LAMAR THISTLE-THWAITE, AND MAYME C. THISTLETHWAITE, *Appellants,* v. S. MINDLIN AND MATILDA MINDLIN, HIS WIFE; A. ROSEN, THOMAS DIXON AND ROSE DIXON, HIS WIFE, *Appellees.*

En Banc.

Opinion Filed October 19, 1927.

*Farrington & Lockhart,* for Appellants;

No appearance for Appellee.

HARRISON, Circuit Judge:

Complainants filed their bill in the Circuit Court of Broward County seeking the specific performance of an alleged contract to convey certain lands alleged to be owned by defendants.

General and special demurrers were filed by defendants and from the order sustaining the demurrers and subsequently dismissing the bill upon complainants failure to amend within the time allowed by the court the bill was dismissed. From these orders the appeal was entered.

For the purpose of considering the merits of this bill, should it be granted that the bill of complaint sets forth and alleges the existence of a binding agreement or contract to convey and that appellants, who were complainants in the court below, had performed the matters and things to be by them performed, still the bill of complaint was fatally defective in the following particulars:

The bill of complaint alleges "that complainants were ready and willing to make the first payment and execute the notes and mortgage to be given by them when said defendants paid the state and county taxes assessed against said land for the year 1924, which were then due and payable and constituted a lien against said land, and when said defendants caused to be dismissed a certain suit then pending against them in the Chancery side of this Court instituted by one S. B. Jones and involving the land described in the bill, but that said defendants failed and refused to pay said taxes and to dismiss or cause to be dismissed said suit or to make any attempt so to do, but on the contrary had recalled their deed."

The bill then alleges further:

"That appellants had always been and were then willing and ready to comply with the terms of the sale and purchase on their part to be performed and complied with

as soon as said defendants delivered to them a properly executed warranty deed of conveyance conveying said land free and clear of all incumbrances, which your orators aver said defendants can do.''

It is evident from the above allegation that if the defendants were able to deliver title clear and free from any incumbrance by the execution of a warranty deed in proper form, then complainants were not justified in refusing to accept the deed tendered, a copy of which is attached and made a part of the bill, for same appears to be in regular form.

On the other hand, in the allegation of the bill that a suit was pending in the Circuit Court of Broward County against defendants below, being a suit by S. B. Jones, there is nothing shown by which the Court might determine from the bill what was the nature of the suit and whether or not as concluded by complainants mere allegation of a conclusion, the defendants were in fact able to have the said suit dismissed.

Experience has clearly shown and established that ordinarily the defendant in a suit or action is not at liberty to dismiss a suit pending against him at will.

It was said by this Court in Knox et al. v. Spratt and Barnett, 19 Fla. 817:

''Where the case made by the bill of the purchaser against the vendor for specific performance shows that the vendor can not make a good title, and the purchaser does not ask to have decree for such title as the vendor may have, but only for a good title, specific performance not being in the power of the vendor, the Court will not decree it.''

Also see Beekman v. Sontagg Inv. Co., 64 So. 948.

The bill in the particular above mentioned stating only

the conclusion of the pleader and failing to state that it was within the power of the defendant to remove the cloud on his title was subject to demurrer and there was no error in sustaining the same.

The order sustaining the demurrer is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the order of the Circuit Court in this cause be, and the same is hereby affirmed.

Affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN, AND BUFORD, J. J., concur.