427 So.2d 228 (1983)
Phillip BLACKMON and Iris Blackmon, His Wife, Appellants,
v.
Ronnie L. HILL and Ella Peterkin, Appellees.
No. 81-1790.
District Court of Appeal of Florida, Third District.
February 15, 1983.
*229 Pyszka & Kessler and William G. Edwards, Miami, for appellants.
Bolton, West & Bolton, North Miami Beach, and Ilene Swickle, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
This appeal is taken by the sellers of land from a judgment for specific performance which orders them to convey a parcel of land free of encumbrances. The dispositive question is whether the court's finding that sellers failed to use diligence to make title good, marketable and insurable is supported by sufficient evidence.[1]
The parties entered into a contract for the sale and purchase of property which the sellers owned as homestead. The buyers engaged the services of Home Mortgage Company and obtained an FHA commitment to finance the purchase. Prior to the date set for closing, an attorney for the mortgage company examined an abstract of the property and found three judgments which had been entered against the sellers.[2] The sellers satisfied the smallest of the judgments. They then offered to convey the property in its existing condition or, to protect the interest of the prospective mortgagor, obtain a declaratory judgment which would, purportedly, protect both the sale proceeds and the property from execution by judgment creditors.
However, that which the sellers sought to obtain by the declaratory judgment  an *230 ability to convey title free of the judgment liens  is not a result promised by any reading of the case relied upon by them and cited in the trial court's Final Judgment. That case, Orange Brevard Plumbing & Heating Co. v. La Croix, 137 So.2d 201 (Fla. 1962) holds only that proceeds from the sale of homestead property are exempt from levy by judgment creditors provided the seller intends to use the proceeds to purchase another homestead within a reasonable time.
The purchasers refused to accept the property with the judgments unsatisfied and the title company for the lender refused to insure the property, even on terms of a "protection-by-declaratory-judgment" as proposed by the sellers. Appellees-purchasers contend that the decision of their mortgage company's title insurer (to not insure title) was not the sellers' last option because of the possibility that some other title company might have insured the property notwithstanding the unsatisfied judgments.
The rights of the parties were fixed by the Deposit Receipt contract, pursuant to which the sellers were not obligated to make title marketable and insurable at any cost. Instead, paragraph seven of that contract provides:
[S]eller agrees to use reasonable diligence to make the said title good, marketable and insurable and shall have [a] reasonable time so to do, but if after reasonable diligence on his part, said title shall not be made good, marketable and insurable ..., the money this day paid and all moneys that may have been paid under this contract shall be returned to purchaser, and thereupon both purchaser and seller shall be released from all obligations hereunder to each other. Or, upon request of the purchaser, the seller shall deliver the title in its existing condition. [e.s.]
What constitutes reasonable diligence is nearly always a mixed question of law and fact, difficult of definition, and in every instance pivoting on the facts of the particular case. See Hendricks v. Western Union Telegraph Co., 126 N.C. 304, 35 S.E. 543 (1900). But reasonable diligence does not require extraordinary efforts or expenditures  as are imposed by terms of the instant Final Judgment  but only such actions as are consistent with good faith and appropriate in view of the circumstances. See National Steel and Shipbuilding Co. v. United States, 419 F.2d 863 (Ct.Cl. 1969); Turnquist v. Kjelbak, 77 N.W.2d 854 (N.D. 1956). Nor does the exercise of reasonable diligence require the undertaking of an effort which clearly would be futile. Gray v. Sawyer, 247 S.W.2d 496 (Ky. Ct. App. 1952).
The uncontroverted evidence shows that (1) the title company for purchasers' lender was not willing to issue a policy insuring title as long as judgments attached to the property remained unsatisfied, (2) the FHA would not approve a mortgage loan on the property with uninsurable title under any circumstances, and (3) the expected proceeds from the sale were insufficient to satisfy the judgments. It became the purchasers' burden then to show by clear, definite and certain proof that there were other reasonable and certain means by which the sellers could have made title satisfactory to the FHA and the prospective lender. Unatin v. Hudon, 383 So.2d 1131 (Fla. 5th DCA 1980). No such proof was offered. Where the evidence shows that a vendor cannot reasonably make title good, and the vendee insists on nothing less than good title, the court should not decree specific performance. Richards v. Mindlin, 94 Fla. 699, 114 So. 508 (1927).
Reversed.
NOTES
[1] The pertinent findings and order of the Final Judgment are:

* * * * * *
2. That Defendants, PHILLIP BLACKMON, and IRIS BLACKMON, his wife, were able to make said title good, marketable and insurable as required by the contract.
3. that Defendants ... failed to use reasonable diligence to make said title good, marketable and insurable; as required by the contract.
IT IS THEREFORE, ORDERED AND ADJUDGED:
1. That Defendants ... shall make said title good, marketable, and insurable including, but not limited to, obtaining a Declaratory Judgment under the case of Orange Brevard Plumbing and Heating Co. v. Lacroix, 137 So.2d 201 (Fla. 1962). Defendants then shall obtain necessary Title Insurance to meet F.H.A. Standards.
2. Defendants shall then convey good, marketable and insurable title to Plaintiffs ... in conformity with the contract entered into and executed on the 27th day of March, 1979.
* * * * * *
[2] It was agreed that the proceeds from the sale would be insufficient to satisfy the outstanding judgments.